**Mary Rochene RAY, Appellant,**

v.

**Ronald Lee McMASTER, Appellee.**

**No. 01–08–00214–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 17, 2009.

Rehearing Overruled Sept. 17, 2009.

---

Chad Michael Forbes, The Forbes Firm, PLLC, Houston, TX, for Appellant.

John F. Nichols, Sr., Law Offices of John Nichols, Sr., Houston, TX, for Appellee.

Panel consists of Justices ALCALA, HANKS and WILSON.*

## OPINION ON REHEARING

ELSA ALCALA, Justice.

Appellee, Ronald Lee McMaster, has filed a motion for rehearing and for en assignment.

---

* The Honorable Davie L. Wilson, retired Justice, First Court of Appeals, participating by

banc reconsideration of our opinion issued on June 18, 2009. We withdraw our opinion and judgment of June 18, 2009 and substitute this opinion and judgment in their place. Because we issue a new opinion in connection with the denial of rehearing, McMaster's motion for en banc reconsideration of our prior opinion is moot. *Richardson–Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 472 (Tex. App.-Houston [1st Dist.] 2006, pet. denied).

Appellant, Mary Rochene Ray, appeals from the trial court's summary judgment in favor of McMaster. The trial court determined that, as a matter of law, the 1992 wills of Ernest and Velma Alley were contractual and that McMaster was the beneficiary. In three issues, Ray contends the trial court erred by determining the wills were contractual wills. Ray asserts the wills fail to meet the requirements of the Probate Code in that they do not describe the material provisions of the contract. Alternatively, Ray claims the wills fail to meet the two common law requirements for contractual wills in that the wills grant a fee simple estate and do not provide for a plan of distribution that treats the estates as one estate. We conclude the wills are not contractual wills because they fail to meet the requirements of the Probate Code. Therefore, after Velma's death, Ernest could properly bequeath his property to Ray instead of McMaster. We reverse and render judgment in favor of Ray.

## Background

Ernest and Velma Alley, a married couple with no children, executed separate wills in 1992. Ernest's 1992 will provides,

1. *General Gift.* I devise and bequeath all of my property, both real and personalty, as follows:

(A) One Hundred percent (100%) to my spouse, VELMA FRANCES ALLEY, . . . if my spouse survives me;

(B) If my spouse predeceases me, then equally to "my nephew" who survives me, per stirpes. At present, for purposes of this WILL, my nephew is:

(1) RONALD LEE MC MASTER. . . .

2. *General Gift.* If none of the above noted beneficiaries survive me, then all of my residuary estate shall pass to my heirs.

. . . .

8. *Contract With Spouse.* I hereby declare that I have an oral and/or written agreement with my spouse as to the disposition which may be made of my property, any property taken under this Will or my spouse's property upon the death of either of us. We have identical, or legally similar Wills, intending thereby to be contractually bound.

Velma's will contains identical provisions except she names Ernest as her spouse in paragraph 1(A). After she died in October 1994, Velma's will was probated. Ernest took her property under the terms of her will.

Ernest executed a new will in 1999, revoking his 1992 will. The 1999 will devised Ernest's estate to Ray, Velma's niece. After Ernest died in 2001, Ray applied for probate of Ernest's 1999 will. Ray was named executor of Ernest's estate. McMaster filed this suit contending that, by making the 1999 will, Ernest breached the contract he had with Velma because the 1992 will constituted a contract between Ernest and Velma to bequeath all their property to McMaster. McMaster sought to set aside the order probating Ernest's 1999 will and to impose a con-

structive trust in his favor on Ernest's estate.

Ray filed a motion for summary judgment, asserting that, as a matter of law, the 1992 wills were not contractual and seeking a final summary judgment in her favor. The trial court denied Ray's motion. Almost two years later, McMaster filed a motion for partial summary judgment, claiming that the 1992 wills were contractual as a matter of law. Ray filed a response. The trial court granted McMaster's motion for summary judgment and severed that portion of the case dealing solely with whether the 1992 wills were contractual wills. Ray appealed.

## Standard of Review

■ We review summary judgments de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant. *Valence Operating Co.,* 164 S.W.3d at 661.

When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Cigna Ins. Co. v. Rubalcada,* 960 S.W.2d 408, 411–12 (Tex. App.-Houston [1st Dist.] 1998, no pet.). We render such judgment as the trial court should have rendered. *Agan,* 940 S.W.2d at 81; *Rubalcada,* 960 S.W.2d at 412.

## Contractual Wills

Challenging the trial court's determination that the wills were contractual wills, Ray claims the wills do not meet the requirements of the Probate Code.

### A. The Probate Code

Section 59A of the Probate Code, entitled "Contracts Concerning Succession," provides,

> (a) A contract to make a will or devise, or not to revoke a will or devise, if executed or entered into on or after September 1, 1979, can be established only by:
> > (1) provisions of a written agreement that is binding and enforceable; or
> > (2) provisions of a will stating that a contract does exist and stating the material provisions of the contract.
> (b) The execution of a joint will or reciprocal wills does not by itself suffice as evidence of the existence of a contract.

TEX. PROB.CODE ANN. § 59A (Vernon Supp. 2008).

■ The dispute here concerns only the second alternative in section 59A(a)(2): whether there is a provision in the will that states the material provisions of the contract. *See id.* § 59A(a)(2). Although the statute does not define "material provisions," in the context of contracts, courts have said, for example, that specific performance of a contract is not possible if it "leaves material provisions to be agreed to later." *Condovest Corp. v. John St. Builders, Inc.,* 662 S.W.2d 138, 140 (Tex.App.-Austin 1983, no writ). That is, the contract "must be reasonably certain." *Id.* In the context of contractual wills, in determining whether the provisions of the will state the material terms of the contract, courts have examined the wills for a number of different factors, including: (1) a statement about the consideration for making the agreement, (2) a statement that the

agreement cannot be changed or varied without the consent in writing of each person making the will, (3) a reference to section 59A of the Probate Code, and (4) a specific description of what the contract requires in the event of the death of the first person making the contractual wills. *See Estate of Hearn v. Hearn*, 101 S.W.3d 657, 660–61 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (holding language met requirements of Probate Code because will referred to section 59A and stated specifically what was required in event of first person's death); [1] *Coffman v. Woods*, 696 S.W.2d 386, 387 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (holding language met requirements of Probate Code because will had statement about consideration for making agreement and expressly stated that agreement could not be changed or varied without consent in writing of each person making will).[2] These factors are illustrative rather than specific, mandatory requirements.

### B. Analysis

■ In her third issue, Ray contends the trial court erred by granting summary judgment for McMaster because the 1992 wills do not state the material provisions of

the contract, as required by the Probate Code. McMaster responds, without supporting authority, that paragraphs 1 and 8 are the material provisions of the contract and therefore the statutory requirements are met.

The wills at issue here state,

I hereby declare that I have an oral and/or written agreement with my spouse as to the disposition which may be made of my property, any property taken under this Will or my spouse's property upon the death of either of us. We have identical, or legally similar Wills, intending thereby to be contractually bound.

The language in the wills fails to expressly recite the consideration exchanged for the contract or state the wills could not be changed or revoked without mutual consent. *See Coffman*, 696 S.W.2d at 387. The language in the wills fails to expressly state the wills are contractual wills under section 59A of the Probate Code. *See Hearn*, 101 S.W.3d at 660.

In considering what the contract requires in the event of the first person's death, we note that the wills state that in the event of the first person's death, the

---

**1.** In relevant part, the will in *Estate of Hearn v. Hearn* states,

In paragraph D–5 of the Trust Agreement, my husband [and in the case of Vernon's will, "my wife"] and I have contracted that we each will execute and maintain in force a will which directs our respective executors to make a marital deduction election under certain circumstances. In accordance with such agreement, and to evidence and *perfect the same in accordance with Section 59A of the Texas Probate Code*, I hereby direct that *if I am the "first deceased trustor"* within the meaning of the Trust Agreement, my executor shall elect in full Section 2056(b)(7) of the Internal Revenue Code to have all property passing to the Marital Trust established under Section D of the Trust Agreement treated as qualified

terminable interest property for federal estate tax marital deduction purposes.

101 S.W.3d 657, 660 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (emphasis added).

**2.** In relevant part, the will in *Coffman v. Woods* states,

So that no contention may arise concerning the same, when we or either of us be dead, *we do hereby each mutually in consideration of the other making this will,* and of the provisions made herein in each other's behalf, make this our last will and testament and *agree that the same cannot be changed or varied by either without the consent in writing of the other.*

696 S.W.2d 386, 387 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (emphasis added).

surviving spouse is to get "one hundred percent" of the deceased spouse's property. *See id.* Here, Velma died leaving all her estate to Ernest without any limitations or conditions. Ernest, therefore, took possession of Velma's entire estate for him to dispose of as he wished. McMaster, however, contends Velma and Ernest agreed that upon both of their deaths, they would leave all their property to him. The wills, however, do not say this. Velma's will states that if Ernest predeceased her, then McMaster would take Velma's property. Specifically, paragraph 1(B) states, "*If my spouse predeceases me ....* " (Emphasis added). But Ernest did not predecease Velma, so this condition for the transfer of the property never occurred. The only condition that occurred under this will was that Velma died, leaving all her property, without condition or limitation, to Ernest for him to dispose of without restriction.

McMaster contends "a will should be read as a whole to determine whether it was executed by the parties to carry out a planned disposition of the joint estate of the survivor." McMaster cites a number of cases to support this proposition. However, the wills at issue in the cited cases contain express language making it clear a joint disposition was intended. For example, in *Murphy v. Slaton,* the will provided,

> It is our will and desire that the survivor of us ... shall, with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either or both of us may own at our death, to be used, enjoyed, occupied and conveyed by such survivor for and during his or her life time, as the case may be, and that *upon the death of such survivor* any of such estate then remaining shall be divided among the persons following and in the following manner....

154 Tex. 35, 273 S.W.2d 588, 590 (1954) (emphasis added). The will in *Novak v. Stevens* had similar language providing for the surviving spouse to have full use of the estate but specifically providing for a devise of the remaining estate "upon the death of such survivor." 596 S.W.2d 848, 851 (Tex.1980); *see also Dougherty v. Humphrey,* 424 S.W.2d 617, 619 (Tex.1968) (devising estate to surviving spouse and devising all property remaining "upon the death of such survivor" to another beneficiary); *Harrell v. Hickman,* 147 Tex. 396, 215 S.W.2d 876, 877 (1948) (granting estate to surviving spouse and providing devise of "the remainder of our property" "[a]fter the death of both of us"). The language in these wills does not indicate an intent to dispose of both estates as one in furtherance of a contractual agreement.

Although the wills show the spouses have an agreement to be contractually bound, that reference is insufficient under section 59A(a)(2) because the will must state more than the fact that a contract exists; it must state the material provisions of the contract. *See* TEX. PROB.CODE ANN. § 59A(a)(2). We hold the 1992 wills do not meet the requirements of the Probate Code providing that a contractual will "can be established only by ... stating the material provisions of the contract," in addition to stating that a contract exists. *See id.*

We sustain Ray's third issue. Having determined the wills are not contractual wills due to their failure to comply with the Probate Code, it is necessary to reverse the summary judgment that determined the wills were contractual wills. We need not, therefore, address Ray's alternative arguments in his first and second issues that assert the wills fail to meet the common law requirements for contractual wills.[3]

---

3. We note that in McMaster's motion for re-

hearing and en banc reconsideration of our

## Conclusion

We reverse the judgment of the trial court determining that the 1992 wills of Ernest and Velma Alley were contractual as a matter of law and render judgment that the 1992 wills were not contractual as a matter of law.

June 18, 2009 opinion, McMaster contends that the common law no longer applies. We do not reach that argument.