**Affirmed in Part and Reversed and Remanded in Part and Opinion filed May 22, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00164-CV

---

## IN THE INTEREST OF A.M.P., A Child

---

**On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. 06FD2204**

---

## OPINION

In this appeal by a mother from the trial court's modification order in a suit affecting a parent-child relationship, we consider whether the trial court erred in determining the father's resources and in calculating and reducing the father's monthly child-support obligations. The mother also challenges the dismissal of her claim that the father fraudulently induced her to enter into an agreement. We affirm the trial court's denial of recovery on the mother's fraudulent-inducement claim and reverse and remand the remainder of the trial court's judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/petitioner Liane Poell filed a petition to modify a prior final order in a suit affecting the parent-child relationship, seeking, among other things, to raise the monthly amount of child support for A.M.P., Poell's minor child. Appellee/respondent Henry Kohl, the child's father, filed a counter-petition seeking to reduce the amount of child support. He also sought a standard possession order. Kohl claimed that the monthly child-support payments of $586, as reflected in the prior order, were not in substantial compliance with the Texas Family Code and that a decrease in his obligation would be in the child's best interest.

Poell testified that in March 2010, after Kohl sought a reduction in his child-support obligations, she agreed to proposed temporary orders that would reduce Kohl's child-support obligations, believing that Kohl was unemployed. The same month, the trial court signed an Agreed Temporary Order, reducing Kohl's monthly child-support obligation from $586 to $267 per month, effective October 2009. Later, Poell learned that Kohl had made a bank deposit of approximately $8,000 in March 2010, and that he was employed at his mother's business. Poell testified that she would not have agreed to the temporary order had she known these facts at the time. Poell admitted she did not know the source of Kohl's bank deposit, but presumed it constituted income.

According to the record, at some time in the beginning of 2010, the parties memorialized an agreement under Texas Rule of Civil Procedure 11; the parties agreed that Kohl's child-support obligations would be reduced from $586 to $267 per month during the temporary-order phase of the proceedings. Poell asserts that she entered into this agreement based upon Kohl's representation to her that he was unemployed. The trial court apparently rendered the Agreed Temporary Order on this basis.

As reflected in her live pleadings, Poell alleged that Kohl had fraudulently induced her to enter into the Rule 11 agreement by claiming to be unemployed when Kohl actually had gainful employment. On this basis, Poell sought to rescind the decrease in child support effected by the temporary order. Poell also sought an increase in Kohl's

2

monthly child support amount to the amount appropriate based upon the child-support guidelines in Texas Family Code Chapter 154; Poell asserted at trial the appropriate amount was $1,200.

The trial court conducted a bench trial in November 2010. Record evidence from the proceedings reflects that Kohl collected unemployment benefits starting in August 2009, and ending in February 2010. The evidence also shows that, Kohl served as the general manager for "Heavenly Ham," a business owned by his mother. At the time of trial, Kohl had worked at the business for sixteen years, at times logging sixty-five to eighty hours a week, though he testified that he had not worked that many hours in several years. Kohl claimed that he did not receive a paycheck in the year 2010 because the family-owned business was unsuccessful and could not afford to pay his salary. According to Kohl, although his mother's business did not give him a paycheck for his work, Kohl's mother had advanced him sums totaling in excess of $80,000 since 2007 ("Sums"). From the Sums, Kohl paid personal expenses, including payments that he claimed to be child-support payments. The record is unclear how much of these Sums Kohl received from the time he sought to reduce his child-support obligations. The nature of these advances is a disputed issue in this case.

Kohl confirmed that his name, along with his mother's name, is listed on deeds for a number of pieces of real property. According to Kohl, his residence was used as collateral for a business loan for his mother's business; his mother's business makes one of the two mortgage payments on the home. Kohl testified that he had no equitable ownership interest in the remaining properties and that his mother's or daughter's interest was superior to his rights or interest in the properties. Kohl explained that his name is listed on various deeds along with his mother's name in case something were to happen to his mother, who, at the time of trial, was seventy-seven years old and terminally ill with pancreatic cancer. Of all the properties, Kohl claimed to be listed as mortgagee on only the mortgage for his residence and not on any of the other properties. Kohl claimed to be a few months behind on his mortgage payments and had accumulated as much as

3

$55,000 in credit-card debt. Other evidence of Kohl's monthly expenses was introduced at trial.

In its final order, the trial court modified Kohl's monthly child-support obligation, reducing it from $586 to $267. The trial court also made certain modifications regarding possession of and access to A.M.P., but otherwise denied all other requested relief.

## II. ISSUES PRESENTED

On appeal, Poell asserts that the trial erred in (1) dismissing her fraudulent-inducement claim, and (2) determining Kohl's net resources and in reducing his monthly child-support obligations based on these calculations.

## III. DENIAL OF RELIEF AS TO FRAUD CLAIM

Poell asserts that, based on its denial of relief as to her fraudulent-inducement claim, the trial court impliedly found that Kohl was unemployed. Poell argues the evidence is insufficient to support that implied finding. As pleaded, Poell's fraud claim had the following elements: (1) Kohl made a material misrepresentation; (2) the representation was false; (3) when he made the representation, Kohl either knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) Kohl made the representation with the intent that Poell should act upon it; (5) Poell acted in reliance on the representation by entering into the Rule 11 agreement; and (6) Poell thereby suffered injury. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 211 n.45 (Tex. 2002). By finding against her on this claim, the trial court impliedly found that the trial evidence did not prove each of these elements by a preponderance of the evidence. On appeal, Poell argues that "a finding of unemployment was against the great weight of the evidence." She has not challenged the implied findings as to each element of fraud, any one of which would be an independent basis for rendering judgment against Poell on the fraud claim. Because Poell has not challenged all independent bases or grounds that support the trial court's judgment regarding her fraudulent-inducement claim, we affirm the trial court's judgment to the extent it denies

4

her recovery on this claim. *See Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

## IV. NET-RESOURCES DETERMINATION

In her remaining issues, Kohl challenges the trial court's modification order, asserting the trial court erred in determining Kohl's net resources and in calculating and reducing Kohl's monthly child-support obligations. A trial court's order setting or modifying child support is reviewed under an abuse-of-discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *See id.* Under the abuse-of-discretion standard of review, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An abuse of discretion does not occur when the record contains some evidence of a substantial and probative character to support the trial court's ruling. *Id.*

Poell claims the trial court erred by impliedly concluding that the sums of money Kohl's mother gave him—the Sums—should not be included in the calculation of Kohl's net resources because these sums were the proceeds of a loan and therefore were not "resources" as defined in section 154.062(b). *See* Tex. Fam. Code Ann. § 154.062(a),(b) (West Supp. 2011). Poell challenges the sufficiency of the evidence to support this implied finding and asserts that the trial court abused its discretion in reducing Kohl's monthly child-support obligations to $267 based on the trial court's calculations of net resources.

With exceptions not applicable here, the trial court may modify the prior child-support order if:

> (1) the circumstances of the child or a person affected by the order have materially and substantially changed since the earlier of:
>
> > (A) the date of the order's rendition; or

> (B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based; or
>
> (2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

Tex. Fam. Code Ann. § 156.401(a) (West 2012). In determining whether a modification in child-support payments is appropriate, a trial court should consider the circumstances of the child and the parents at the time of the prior child-support order as compared to the circumstances existing at the time of trial in the modification suit. *See In re D.S.*, 76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Upon a showing of the requisite changed circumstances, the trial court may alter the child-support obligations. *See id*. Trial courts have broad discretion to determine and modify the amount of child support that a parent must pay. *See id*. The best interest of the child is the trial court's primary focus in determining questions of child support. *See* Tex. Fam. Code Ann. § 156.402. In determining whether a modification is warranted, the trial court may consider the child-support guidelines. Tex. Fam. Code Ann. § 156.402(a),(b). The trial court also may consider "other relevant evidence in addition to the factors listed in the guidelines." *Id.* § 156.402(b).

The amount of a periodic child support payment established by the child support guidelines in effect in this state at the time of the hearing is presumed to be reasonable, and an order of support conforming to the guidelines is presumed to be in the best interest of the child. *See id*. § 154.122(a) (West 2012). Though the trial court is not required to follow the guidelines, it must make certain fact findings if the amount of child support it orders varies from the amount computed by applying the percentage guidelines under Texas Family Code sections 154.125 or 154.129, as applicable. *See id*. § 154.130(a) (West 2012). Because the trial court did not make any such findings in the case under review, the trial court abused its discretion in modifying Kohl's monthly child-support obligation if the modified amount varied from the amount computed by applying the

percentage guidelines under Texas Family Code section 154.125 or 154.129, as applicable. *See Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at *4–5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.). In the case under review, the amount of the periodic child-support payment established by the child support guidelines is twenty percent of Kohl's monthly net resources. *See id*. § 154.062, 154.125, 154.129 (West 2012). Included in Kohl's monthly net resources are his income and other compensation for personal services as well as gifts that Kohl receives. *See* Tex. Fam. Code Ann. § 154.062(b) (West 2012).

Poell challenges the trial court's implied finding that the Sums were a loan from Kohl's mother and asserts that the Sums should have been included as a resource in calculating Kohl's monthly net resources. In his testimony, Kohl characterized the Sums as both "an advance on his inheritance" and as a "loan." Our first task is to determine the true nature of the Sums. If these sums are in the nature of a gift or if they are otherwise included within the term "resources," then they should have been considered in the calculation of Kohl's net resources for purposes of determining the amount of the periodic child-support payment established by the child-support guidelines. *See* Tex. Fam. Code Ann. § 154.062(b). Conversely, if the Sums are proceeds from a loan, then the trial court did not err by impliedly excluding the Sums from Kohl's net resources.

Kohl testified at trial that the Sums are a loan from his mother and that he does not pay income taxes on the Sums. Kohl stated that, after his mother dies, the Sums are going to be repaid by deducting the total of the Sums plus six percent interest from any inheritance that Kohl receives under his mother's will. Though, at one point in his testimony, Kohl stated as a conclusion that the arrangement was a loan, he also stated that it was to be repaid as a deduction from his inheritance after his mother dies and that his mother was giving him "an advance on [his] inheritance." Kohl testified that this arrangement was set forth in his mother's will. The trial evidence did not contain any will or any written agreement between Kohl and his mother regarding any alleged loan or any obligation of Kohl to repay the Sums. The parties have not cited and research has not

7

revealed any Texas cases addressing whether an advance on an inheritance is a "resource" within the meaning of Texas Family Code section 154.062(b).

For there to be a loan, Kohl must have an absolute duty to repay the Sums. *See Schepps Grocery Co. v. Burroughs Corp.*, 635 S.W.2d 606, 610 (Tex. App.—Houston [14th Dist.] 1982, no writ) (holding that, to find a loan exists, there must be an absolute duty of the borrower to repay the principal). There is no written evidence of any obligation on Kohl's part to repay the Sums. Kohl did not testify that he has an obligation to repay the Sums to his mother other than by a deduction from his inheritance under his mother's will. When asked how the Sums have to be repaid, Kohl testified that "[i]t's going to be repaid when she's deceased . . . [t]hrough her will and properties." When asked to clarify this obligation to repay the Sums, Kohl testified that the Sums, plus interest, will be deducted from his inheritance under his mother's will. Kohl agreed that the Sums were "an advance on his inheritance."

A person may enter into a binding contract to make a certain will or devise or not to revoke a will or devise by either a binding and enforceable written contract or by the provisions of a will stating that such a contract exists and that the material provisions of the contract.[1] *See* Tex. Prob. Code Ann. § 59A (West 2012); *Ray v. McMaster*, 296 S.W.3d 344, 347–48 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The trial evidence did not contain any will or any written agreement between Kohl and his mother regarding her will. In any event, Kohl does not assert that his mother is contractually obligated to make Kohl a beneficiary in her will or not to change her will so that he is no longer a beneficiary. On the contrary, Kohl testified that his mother is free to change her will at any time. The evidence at trial showed that Kohl has no right to be designated as a beneficiary or to receive any benefit under his mother's will. *See* Tex. Prob. Code Ann. § 59A; *Ray*, 296 S.W.3d at 347–48. Kohl's mother may change her will so that Kohl is no

---

[1] Kohl and his mother reside in South Carolina. We presume that South Carolina law in this regard is the same as Texas law because no party has established that South Carolina law differs from Texas law on this issue. *See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 53 (Tex. 2008).

8

longer a beneficiary, or, though named a beneficiary, Kohl may never be entitled to any amounts under the will.[2] In either case, there would be no potential inheritance from which a deduction may be made. Even if the foregoing contingencies do not occur, under this arrangement, Kohl's mother is effectively deciding to give Kohl less under her will than she otherwise would have, based upon Kohl's prior receipt of the Sums. No will is in evidence. We presume for the sake of argument that, in calculating the amount that Kohl is to receive under Kohl's mother's will, there is a deduction based upon Kohl's receipt of the Sums. Even under this presumption, given that Kohl has no legal right to receive any amount under his mother's will, any such provision in the will does not constitute a payment by Kohl to his mother or her estate; rather, such a provision simply expresses what Kohl's mother has decided Kohl should receive under her will. *See* Tex. Prob. Code Ann. § 59A; *Ray*, 296 S.W.3d at 347–48.

In *In re P.C.S.*, the Fifth Court of Appeals in Dallas addressed a related issue. *See* 320 S.W.3d 525 (Tex. App.—Dallas 2010, pet. denied). In that case, the court considered whether a cash inheritance received by the father constituted a "net resource" to be considered when determining whether to modify the father's child-support obligation. *See id.* at 534–40. After analyzing the statute and the approaches taken in various other jurisdictions, the *P.C.S.* court held that "a cash inheritance is a 'resource' pursuant to that provision." *Id.* at 537. This case provides additional support for the conclusion that an advance on an inheritance is a "resource" under section 154.062(b). *See id.* at 534–40.

Kohl relies upon the opinion in *Woodall v. Woodall*. *See* 837 S.W.2d 856, 858–59 (Tex. App.—Houston [14th Dist.] 1992, no writ), *disapproved of by*, *Iliff v. Iliff*, 339 S.W.3d 74, 78–81, 83 & n.8 (Tex. 2011). The main issue in that case was whether the trial court abused its discretion in decreasing the father's monthly child-support obligation given the reason for the substantial decrease in the father's monthly income—the father voluntarily chose to forego receiving interest payments on a loan he had made to his own business. *See id.* at 858–59. The *Woodall* court concluded that, before the

---

[2] For example, Kohl may be a residual beneficiary and there may be no residue after all debts are paid.

trial court could ignore the father's reduction in income, there had to be evidence that the father intentionally reduced his income for the purpose of obtaining a decrease in his child-support obligation. *See id.* at 858. Because there was no evidence in *Woodall* of an intent by the father to obtain a decrease in his child-support obligation, the court concluded that the trial court did not err in modifying the father's child-support obligation based upon the decrease in the father's income. *See id.* In *Iliff*, the Supreme Court of Texas expressly disapproved of this part of *Woodall*, holding that, under the plain meaning of the statute, there is no requirement of proof that the child-support obligor intended to obtain a decrease in his child-support obligation. *See Iliff*, 339 S.W.3d at 78–81, 83 & n.8. The *Woodall* court also concluded that, under the plain language of former section 14.053(b) of the Family Code, gifts were excluded from the definition of "net resources." *See Woodall*, 837 S.W.2d at 858. Research does not reveal any other case in which a court reached this conclusion about that statute. Apparently, the *Woodall* court's analysis of the statute was based upon a clause that, under the court's construction, excluded certain items from the definition of "net resources." *See* Act of May 22, 1991, 72nd Leg., R.S., ch. 825, § 1, 1991 Tex. Gen. Laws 2856, 2857 ("but not including return of principal or capital, and/or accounts receivable regardless of the source, gifts and prizes . . . "). Presuming for the sake of argument that the *Woodall* court correctly construed former section 14.053(b) of the Family Code, that statute is no longer in effect, and section 154.062 does not contain this clause. *See* Tex. Fam. Code Ann. § 154.062(b). Under the plain meaning of section 154.062, gifts are included in the calculation of net resources. *See id.* §154.062 (a),(b). Because the current statute is materially different from the former statute at issue in *Woodall*, the *Woodall* court's holding regarding gifts is not applicable or binding in this case. We conclude that the *Woodall* case is not on point in the analysis of this issue.

Considering the evidence in the light most favorable to the finding, indulging every reasonable inference that would support it, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable

10

factfinder could not, the trial evidence would not enable reasonable and fair-minded people to find that Kohl has an absolute duty to repay the Sums. *See City of Keller v. Wilson,* 168 S.W.3d 802, 823, 827 (Tex. 2005). The evidence is legally insufficient to support the trial court's implied finding that the Sums are a loan or that the Sums are not Kohl's resources within the meaning of Texas Family Code section 154.062(b). Therefore, the trial court abused its discretion to the extent it excluded the Sums from its calculation of Kohl's net resources for purposes of determining the amount of the periodic child-support payment established by the child-support guidelines. *See* Tex. Fam. Code Ann. § 154.062(b). If the Sums are included in this calculation, then the reduced monthly child-support obligation of $267 ordered by the trial court varies from the amount computed by applying the percentage guidelines under Texas Family Code section 154.125 or 154.129. *See* Tex. Fam. Code Ann. § 154.125, 154.129. Accordingly, the trial court abused its discretion in reducing Kohl's monthly child-support obligation from $586 to $267. *See Omodele*, 2003 WL 133602, at *4–5.

## V. CONCLUSION

Poell has not challenged all independent grounds that support the trial court's judgment regarding her fraudulent-inducement claim. Accordingly, we affirm the trial court's judgment to the extent it denies Poell recovery on that claim. The evidence is legally insufficient to support the trial court's implied finding that the Sums are a loan or that the Sums are not Kohl's resources within the meaning of Texas Family Code section 154.062(b). Therefore, the trial court abused its discretion to the extent it excluded the Sums from its calculation of Kohl's net resources for purposes of determining the amount of the periodic child-support payment established by the child-support guidelines. If the Sums are included in this calculation, then the reduced monthly child-support obligation of $267 ordered by the trial court varies from the amount computed by applying the percentage guidelines under Texas Family Code section 154.125 or 154.129. The trial court abused its discretion in reducing Kohl's monthly child-support obligation from $586 to $267. We therefore reverse the portions of the trial court's judgment dealing

11

with modification of child support and remand for further proceedings consistent with this opinion.

/s/      Kem Thompson Frost
         Justice

Panel consists of Justices Frost, Seymore, and Jamison.