**Affirmed and Majority and Dissenting Opinions filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00640-CV

**TUAN ANH TRAN, Appellant**

**V.**

**SHERYN D. NGUYEN, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 76429-F**

## DISSENTING OPINION

The record indicates that the trial court calculated the father's child-support obligation under the child-support guidelines (as the mother requested) based on net resources that the father would have if he were employed, even though the father is unemployed and serving a lengthy prison sentence. The father argues on appeal that the trial court abused its discretion in doing so. Under binding precedent, this court should conclude that the trial court calculated child support

under the child-support guidelines because (1) under the briefing rules this court must take as true the father's assertion that the trial court applied the child-support guidelines; and (2) the trial court did not make the findings that would have been required by statute if the trial court had chosen to deviate from the guidelines. Rather than address the issue the father raised — *whether the trial court abused its discretion in calculating child support under the guidelines* — the majority theorizes that the trial court might have deviated from the guidelines. In the process, the majority creates a conflict in this court's precedent and takes on an issue of first impression that neither party has briefed. The better course would be to answer the question presented.

### *The Trial Court's Child-Support Determination*

Appellant Tuan Anh Tran and appellee Sheryn D. Nguyen have two children, who were fifteen and thirteen years old when the trial court signed the divorce decree. The undisputed trial evidence showed that Tran started serving a twelve-year prison sentence before trial. The trial court stated on the record that Tran's duty to provide child support would end before he was eligible for parole. Nguyen testified that Tran's net monthly income probably would be $3,600 if he were not incarcerated. Later in the trial, Nguyen testified that if Tran were employed, he would have net monthly income of approximately $3,600. Nguyen asked the trial court to set Tran's monthly child-support obligation for the two children at $900 (25% of $3,600). The amount of the monthly child-support payment established by the child-support guidelines is 25% of Tran's monthly net resources.[1] The trial court set Tran's monthly child-support obligation for the two children at $900, as Nguyen requested.

---

[1] *See* Tex. Fam. Code Ann. §§ 154.062, 154.125 (West 2014).

Nguyen did not ask the trial court to deviate from the child-support guidelines in determining Tran's child-support obligation. Nor did Nguyen argue that applying the guidelines would not be in the children's best interests or that circumstances justified deviating from the guidelines.[2] The trial court did not state at trial or anywhere else in the record that it was ordering child support in an amount different from the amount computed using the child-support guidelines. Nor did the trial court make findings that trial courts must make when they calculate a child-support obligation outside the child-support guidelines.[3]

### *The Father's Argument and Child-Support Calculation*

Tran argues under his fourth issue that the trial court abused its discretion in calculating the amount of his child-support obligation. In determining whether the trial court abused its discretion in ordering child support, this court considers whether the evidence is sufficient to support the child-support order.[4] As Tran points out, under Texas Family Code section 154.062, the trial court must calculate "net resources" for the purpose of determining child-support liability.[5] "Resources" includes "100 percent of all wage and salary income and other compensation for personal services . . . and . . . all other income actually being received. . . ."[6] Tran asserts the trial court erred by calculating the child-support amount using monthly net resources of $3,600, based on Nguyen's testimony that Tran's net monthly income would be $3,600 if he were not incarcerated. According to Tran, because there is no evidence of Tran's resources, as defined by

---

[2] *See id*. § 154.123 (West 2014).

[3] *See id*. § 154.130 (West 2014).

[4] *See In re A.M.P.*, 368 S.W.3d 842, 846 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[5] *See id*. § 154.062(a) (West 2014).

[6] *Id*. § 154.062(b).

section 154.062(b), the trial court should have calculated his child-support obligations under the guidelines based on a presumption that Tran had income equal to the federal minimum wage for a forty-hour work week.[7] That calculation would have yielded a much lower child-support obligation.

### *The Majority's Child-Support Analysis*

The majority concludes that this court need not address Tran's argument because, even if the proper calculation of child support under the guidelines would have been based on the federal minimum wage rather than on Tran's hypothetical, non-incarceration income, the trial court properly could have deviated from the child-support guidelines and calculated Tran's child-support obligation based on Tran's ownership of equity in the home in which Nguyen and the children live.[8] Tran's equity in the home does not appear to fall within the definition of net resources.[9] Deciding an issue of first impression in this court not briefed by the parties, the majority concludes that the trial court could have deviated from the child-support guidelines and based its child-support determination on this equity interest because it is a "financial resource" under Family Code section 154.123(b)(3), without any determination that this interest is part of Tran's "net resources."[10]

---

[7] *See id*. § 154.068 (West 2014). Tran also argues that there was no basis for the trial court to conclude that he was intentionally unemployed or underemployed under Texas Family Code section 154.066. *See id*. § 154.066 (West 2014).

[8] *See ante* at pp. 12–14.

[9] *See* Tex. Fam. Code Ann. § 154.062(b).

[10] *See id*. § 154.123 (West 2014); *ante* at pp. 12–14.

### *An Analysis At Odds with Rule 38.1(g) Precedent*

Under the unambiguous language of Texas Rule of Appellate Procedure 38.1 (g), in a civil appeal, this court must accept as true facts recited in the statement-of-facts section of an appellant's brief unless another party contradicts these facts.[11] Rule 38.1(g) also contains a requirement that the statement-of-facts section be supported by record references.[12] Nonetheless, under Rule 38.1(g)'s plain language and this court's precedent, a court of appeals must accept as true all uncontradicted facts stated in this section of the appellant's brief, even if there is no record reference supporting the asserted facts.[13] Under this rule the facts asserted may include actions taken by the trial court below.[14] Today's holding

---

[11] *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the court will accept as true the facts stated unless another party contradicts them"); *Johnson v. Office of Attorney General of Texas*, No. 14-11-00842-CV, 2013 WL 151622, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2013, no pet.) (mem. op.).

[12] *See* Tex. R. App. P. 38.1(g) (stating that "[t]he statement must be supported by record references"); *Pickard v. Goldberg B'nai B'rith Towers*, No. 14-06-00164-CV, 2007 WL 706580, at *1 (Tex. App.—Houston [14th Dist.] Mar. 8, 2007, no pet.) (mem. op.); *Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 572 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

[13] *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the court will accept as true the facts stated unless another party contradicts them"); *Johnson*, 2013 WL 151622, at *1 (applying Rule 38.1(g) and accepting as true uncontradicted facts contained in the statement-of-facts section of the appellant's brief even though nothing in the record supported these asserted facts); *Verm v. Harris County Appraisal Dist.*, No. 14-06-01046-CV, 2008 WL 2580041, at *2 (Tex. App.—Houston [14th Dist.] Jul. 1, 2008, no pet.) (applying predecessor to Rule 38.1(g) which had the same language, and accepting as true uncontradicted facts stated by the appellants even though nothing in the record supported these asserted facts) (mem. op.); *Carrasco v. City of Alvin*, No. 14-06-00687-CV, 2007 WL 900790, at *2 & n.2 (Tex. App.—Houston [14th Dist.] Mar. 27, 2007, no pet.) (applying predecessor to Rule 38.1(g) which had the same language, and accepting as true uncontradicted facts stated by the appellant even though the appellant provided no record reference in support of these asserted facts) (mem. op.). *See also Lewis v. Nolan*, No. 01-04-00865-CV, 2006 WL 3628832, at *2 & n.2 (Tex. App.—Houston [1st Dist.] Dec. 14, 2006, no pet.) (applying predecessor to Rule 38.1(g) which had the same language, and accepting as true uncontradicted facts stated by the appellant even though the appellant provided no record reference in support of these asserted facts) (mem. op.).

[14] *See Calabrian Corp. v. Alliance Specialty Chemicals, Inc.*, 418 S.W.3d 154, 160 (Tex. App.—

conflicts with this precedent.

Tran asserted in the statement-of-facts section of his appellate brief that the trial court applied the child-support guidelines in calculating Tran's trial-support obligation. Nguyen has not contradicted this statement. Under binding precedent applying Rule 38.1(g), this court must accept as true the statement that the trial court calculated child support under the child-support guidelines.[15] Therefore, this court should determine whether the trial court abused its discretion in calculating Tran's child-support obligation under the guidelines.[16]

### *An Analysis At Odds with Deviation-Findings Precedent*

The child-support obligation established by the child-support guidelines is presumed to be reasonable, and an order of support conforming to the guidelines is presumed to be in the children's best interest.[17] Though a trial court is not required to follow the child-support guidelines, if a court chooses to deviate from the

---

Houston [14th Dist.] 2013, no pet.) (accepting as true under Rule 38.1(g) the rendition of a final judgment in a prior lawsuit because the appellant asserted that there was a final judgment in its statement of facts and the appellee did not contradict the statement); *Johnson*, 2013 WL 151622, at *1 (accepting as true under Rule 38.1(g) the trial court's denial in open court of appellant's motion because the appellant asserted that this action occurred in his statement of facts and the appellee did not contradict the statement); *City of Houston v. Alief I.S.D.*, 117 S.W.3d 913, 914 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (accepting as true under predecessor to Rule 38.1(g) the rendition of a take-nothing judgment by the tax master in the trial court because the appellants asserted that this action occurred in their statement of facts and the appellees did not contradict the statement).

[15] Tex. R. App. P. 38.1(g); *Calabrian Corp.*, 418 S.W.3d at 160; *Johnson*, 2013 WL 151622, at *1; *Verm*, 2008 WL 2580041, at *2; *Carrasco*, 2007 WL 900790, at *2 & n.2; *Alief I.S.D.*, 117 S.W.3d at 914.

[16] Tex. R. App. P. 38.1(g); *Calabrian Corp.*, 418 S.W.3d at 160; *Johnson*, 2013 WL 151622, at *1; *Verm*, 2008 WL 2580041, at *2; *Carrasco*, 2007 WL 900790, at *2 & n.2; *Alief I.S.D.*, 117 S.W.3d at 914.

[17] *See* Tex. Fam. Code Ann. § 154.122(a) (West 2014); *In re A.M.P.*, 368 S.W.3d at 846.

6

guidelines, the court must make certain findings, even if no party requests them.[18] The trial court did not make any such findings. Because the trial court did not make these findings, this court cannot presume the trial court deviated from the child-support guidelines in determining whether the trial court abused its discretion in setting child support.[19] Instead, to affirm, this court must conclude that the trial court did not abuse its discretion in calculating Tran's child-support obligation under the guidelines.[20]

The majority suggests that the absence of deviation-from-the-guidelines findings is irrelevant to the analysis because Tran has not assigned as error the trial court's failure to make the findings.[21] Tran was not required to do so. Indeed, there would be no basis for Tran to do so because Tran asserts that the trial court applied the child-support guidelines in calculating Tran's trial-support obligation. Under these facts, there would be no reason or requirement for the trial court to make findings under Family Code section 154.130(a)(3).[22] Tran has challenged the trial court's child-support determination. In analyzing Tran's challenge, this court may not presume that the trial court deviated from the child-support guidelines because the court did not make the mandatory findings that would show deviation.[23]

In *Butts v. Butts*, this court held that the trial court abused its discretion in

---

[18] *See* Tex. Fam. Code Ann. § 154.130; *In re A.M.P.*, 368 S.W.3d at 846–47.

[19] *See Butts v. Butts*, 444 S.W.3d 147, 153–54 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *In re A.M.P.*, 368 S.W.3d at 846–49; *Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at *4–5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.).

[20] *See Butts*, 444 S.W.3d at 153–54.

[21] *See ante* at p. 14, n.11.

[22] *See* Tex. Fam. Code Ann. § 154.130(a)(3).

[23] *See In re A.M.P.*, 368 S.W.3d at 846–49; *Omodele*, 2003 WL 133602, at *4–5.

ordering the father to pay $800 per month in child support because the trial court did not make findings under Family Code section 154.130(a)(3) and, in the absence of evidence of the father's resources, the trial court should have based its child-support calculation on the application of the guidelines to the father's presumed income under Family Code section 154.068, which is equal to the federal minimum wage for a 40-hour week.[24] Though the father did note that the trial court had failed to make any findings under Family Code section 154.130(a)(3), the father did not assert that the trial court erred in failing to make these findings.[25] Instead, the father asserted that the trial court abused its discretion in determining the amount of his child-support obligation, as Tran has asserted in the case under review.[26]

In *Omodele v. Adams*, this court held that the trial court abused its discretion in ordering the father to pay $1,000 per month in child support because the trial court did not make findings under Family Code section 154.130(a)(3) and, in the absence of evidence of the father's resources, the trial court should have based its child-support calculation on the application of the guidelines to the father's presumed income under Family Code section 154.068, which is equal to the federal minimum wage for a 40-hour week.[27] The father in *Omodele* did not complain on appeal that the trial court failed to make findings under Family Code section 154.130(a)(3); rather, the father argued that the trial court erred in ordering child support that did not conform to the child-support guidelines and that lacked

---

[24] *See Butts*, 444 S.W.3d at 153–54.

[25] *See id.*

[26] *See id.*

[27] *See Omodele*, 2003 WL 133602, at *4–5.

8

evidentiary support.[28]

In *In re A.M.P.*, this court noted that, though the trial court was not required to follow the child-support guidelines, the trial court was required to make findings under Family Code section 154.130(a)(3) if the amount of child support it ordered varied from the amount computed by applying the child-support guidelines.[29] Because the trial court in *In re A.M.P.* did not make any such findings, this court concluded that the trial court abused its discretion if the amount of child support it ordered varied from the amount computed by applying the guidelines.[30]

Under binding precedent, in the absence of deviation-from-the-guidelines findings, this court cannot and should not presume the trial court deviated from the child-support guidelines in determining whether the trial court abused its discretion in setting Tran's child support.[31]

### *Conclusion*

The majority should base its analysis on the determination that the trial court calculated Tran's child-support obligation under the guidelines.[32] Binding precedent requires it. The mathematical calculation, the lack of section 154.130(a)(3) findings, and the uncontested statement in Tran's briefing (which must be taken as true) all show that the trial court applied the child-support

---

[28] *See id.*

[29] *See In re A.M.P.*, 368 S.W.3d at 846–47.

[30] *See id.*

[31] *See Butts*, 444 S.W.3d at 153–54; *In re A.M.P.*, 368 S.W.3d at 846–49; *Omodele*, 2003 WL 133602, at *4–5.

[32] *See* Tex. R. App. P. 38.1(g); *Butts*, 444 S.W.3d at 153–54; *Calabrian Corp.*, 418 S.W.3d at 160; *Johnson*, 2013 WL 151622, at *1; *In re A.M.P.*, 368 S.W.3d at 846–49; *Verm*, 2008 WL 2580041, at *2; *Carrasco*, 2007 WL 900790, at *2 & n.2; *Alief I.S.D.*, 117 S.W.3d at 914; *Omodele*, 2003 WL 133602, at *4–5.

guidelines.  No party asserts otherwise.  Therefore, the majority should not base its child-support analysis on the unsupportable premise that the trial court may have deviated from the child-support guidelines.  Because the majority disposes of the issue in a manner not permitted by applicable law, I respectfully dissent.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby. (Jamison, J., majority).