

# NUMBER 13-18-00411-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **CANDACE ROXANNE FLORES,** | **Appellant,** |
| **v.** | |
| **BRANSCOMB PC AND OMAR JAVIER LEAL,** | **Appellees.** |

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Candace Roxanne Flores sued appellees Branscomb PC (Branscomb) and Branscomb attorney Omar Javier Leal for various causes of action relating to appellees' alleged failure to have Iris June Henderson, appellees' client and Flores's grandmother, execute a draft will prior to her death. Flores alleged that the will would have named her as the executor and a beneficiary. Appellees filed a motion for traditional

summary judgment challenging the duty and causation elements of Flores's claims, which the trial court granted. In what we construe as one issue with multiple subparts, Flores argues that the trial court erred in granting appellees' motion for summary judgment. We affirm in part and reverse and remand in part.

## I.    BACKGROUND[1]

Henderson executed a will on January 13, 2005. Later, Henderson retained Leal, an attorney employed by Branscomb, to provide estate planning services. On July 20, 2007, Henderson and Leal signed an engagement letter which provided that appellees' "representation of [Henderson] will include advising [Henderson] regarding [her] Will and incapacity planning documents" and that appellees would "advise [Henderson] regarding potential estate and gift tax issues related to [her] estate[.]" The letter further provided that appellees would "supervise [Henderson's] execution of [her] Will and incapacity planning."

In May 2012, Flores began assisting Henderson with her personal and business affairs. In late 2013, Henderson asked Flores if she would be the executor of her will and serve as her attorney-in-fact, and Flores stated that she would. Around January 2014, Henderson and Flores met with Leal at his office to discuss these matters. Leal told Flores that Henderson intended to amend her will to designate Flores as the executor and to include Flores as a beneficiary and that Henderson wanted Flores to serve as her attorney-in-fact. Leal informed Flores what her duties and responsibilities would be for these roles.

---

[1] We derive the factual background from the summary judgment record.

Leal told Henderson and Flores that he would draft a new will in accordance with Henderson's wishes. Henderson and Flores met with Leal on multiple occasions regarding these matters. On May 13, 2014, Leal came to Henderson's home, and Henderson signed several estate planning documents, including a durable power of attorney.

Several days later, Leal called Flores and informed her that Henderson did not execute the new will at the May 13, 2014 meeting. Leal then went to Henderson's house to have the will executed. Upon his arrival, Leal asked Flores to step outside while Henderson signed the will due to Flores's status as a beneficiary. Leal, a notary, and the required witnesses, remained with Henderson. Henderson attempted to execute the will, but she was too weak to sign her name. Leal then informed Flores that Henderson was unable to sign the will that day. Henderson passed away on May 28, 2014, without having executed the new will. Her 2005 will was admitted to probate in June 2014.

Flores sued appellees alleging causes of action for legal malpractice, negligent undertaking, breach of fiduciary duty, and negligent misrepresentation. Flores alleged that appellees failed to "cause [the] proposed Will" to be "made valid[.]" In particular, Flores alleged that Leal failed to advise either Henderson or Flores that Henderson "could have directed another person in her presence to sign the Will" as permitted by Texas Estates Code § 251.051. *See* TEX. EST. CODE ANN. § 251.051. Flores alleged that appellees negligently misrepresented to Flores that "the changes [to the Will] could not be validly made[.]" Flores further maintained that appellees represented Flores "in an attorney[-]client relationship[.]" In the alternative, Flores asserted that appellees "should have

3

reasonably expected that [Flores] would believe [appellees] represented her" and that appellees were negligent in failing to advise Flores that they did not represent her.

Appellees filed a traditional motion for summary judgment supported by the following evidence: Leal's affidavit; the Henderson-Branscomb engagement letter; and the durable power of attorney executed by Henderson. Appellees argued that it owed no duty to Flores because she was not appellees' client. Appellees maintained that it only owed a duty to Henderson and that under Texas Supreme Court precedent, an estate planning attorney owes no duty to prospective beneficiaries. Appellees argued that any interaction between Leal and Flores was in furtherance of his representation of Henderson. Appellees further contended that Flores could not establish the causation element of her claims.

Flores filed a response to the motion for summary judgment supported by the following evidence: Flores's affidavit; the affidavit of Ana Beasley, a witness who was at Henderson's house when Henderson was unable to sign the new will; various estate planning documents signed by Henderson; the unexecuted draft will of Henderson; and Henderson's probated will. Flores argued that the evidence established an implied attorney-client relationship between Flores and appellees. Flores argued in the alternative that appellees should have reasonably expected that Flores believed she was being represented by appellees; thus, appellees should have advised her that they did not represent her. Finally, Flores argued that appellees breached independent promises made to Flores.

4

The trial court signed an order granting appellees' motion for summary judgment and dismissing Flores's claims. This appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Eagle Oil*, 619 S.W.3d at 705.

A defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *Nall*, 404 S.W.3d at 555 (citing TEX. R. CIV. P. 166a(c)). An issue is conclusively established "if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes that it is entitled to judgment as a matter of law. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); *Halferty v. Flextronics Am., LLC*, 545 S.W.3d 708, 710 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied). If the movant meets its burden, then the plaintiff must present evidence creating a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Halferty*, 545 S.W.3d at 710.

We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil*, 619 S.W.3d at 705; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

## III.    DISCUSSION

In what we treat as her sole issue, Flores argues that the trial court erred in granting appellees' motion for summary judgment because appellees failed to carry their burden to negate an essential element of each of Flores's claims. Flores further argues that she presented evidence creating a fact issue as to the challenged elements of her claims. Specifically, Flores maintains that there exists a fact issue as to whether appellees owed a duty to Flores under an implied attorney-client relationship. Finally, Flores asserts that appellees' motion for summary judgment failed to address all of Flores's claims.

### A.    Failure to Challenge Summary Judgment Grounds

We first address appellees' contention that Flores failed to challenge each of the independent grounds on which the trial court could have based its summary judgment—namely causation. "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Props. v. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). In such cases, an appellant must challenge all possible grounds for the trial court's ruling to prevail on appeal. *See In re A.M.P.*, 368 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

In their motion for summary judgment, appellees attempted to negate the causation element of Flores's claims. However, appellees' argument was based on a later abandoned allegation. Flores previously alleged that Leal was negligent in failing to advise Flores that she had the authority to sign Henderson's new will on Henderson's behalf pursuant to her role as Henderson's attorney-in-fact. Appellees argued in their motion for summary judgment that the power of attorney did not authorize Flores to sign Henderson's will; therefore, Leal's failure to advise Flores of this option could not have caused her alleged damages.

Before the trial court ruled on appellees' motion for summary judgment, Flores filed an amended petition abandoning this claim. In her live pleading, Flores instead complains of Leal's failure to advise Flores that Henderson could direct another person in her presence to sign the new will as permitted by Texas Estates Code § 251.051. *See* TEX. EST. CODE ANN. § 251.051. Because appellees' causation argument was directed solely at an abandoned allegation, it could not have formed the basis for the trial court's summary judgment. Accordingly, Flores is not required to challenge this ground on appeal. *See In re A.M.P.*, 368 S.W.3d at 845. We now turn to Flores's arguments concerning whether appellees negated the duty element of her claims.

## B.    Estate Planning Privity Rule

Legal malpractice claims sound in tort. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006). To establish such a claim, a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Id*. While

7

an attorney owes a duty of care to a client, no such duty is owed to non-clients, even if they are damaged by the attorney's malpractice. *Id*. The existence of duty is a question of law when all of the essential facts are undisputed. *Helbing v. Hunt*, 402 S.W.3d 699, 703 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

In *Barcelo v. Elliott*, the Texas Supreme Court declined to create an exception to the attorney duty limitation in the estate planning context. 923 S.W.2d 575, 579 (Tex. 1996). Specifically, the court held that an attorney retained by a testator to draft a will owes no professional duty of care to persons named as beneficiaries under the will. *Id*. The court reasoned that the threat of lawsuits by disappointed heirs after a client's death could create conflicts during the estate planning process and divide the attorney's loyalty between the client and potential beneficiaries. *Id*. at 578. In reaching its holding, the court contemplated a scenario similar to the present case:

> In most cases where a defect renders a will or trust invalid, however, there are concomitant questions as to the true intentions of the testator. *Suppose, for example, that a properly drafted will is simply not executed at the time of the testator's death. The document may express the testator's true intentions, lacking signatures solely because of the attorney's negligent delay.* On the other hand, the testator may have postponed execution because of second thoughts regarding the distribution scheme. In the latter situation, the attorney's representation of the testator will likely be affected if he or she knows that the existence of an unexecuted will may create malpractice liability if the testator unexpectedly dies.
>
> . . . .
>
> In sum, we are unable to craft a bright-line rule that allows a lawsuit to proceed where alleged malpractice causes a will or trust to fail in a manner that casts no real doubt on the testator's intentions, while prohibiting actions in other situations. We believe the greater good is served by preserving a bright-line privity rule which denies a cause of action to all beneficiaries whom the attorney did not represent. This will ensure that attorneys may in all cases zealously represent their clients without the threat

of suit from third parties compromising that representation.

*Id*. at 578–79 (emphasis added).

Since *Barcelo*, the Texas Supreme Court has recognized two scenarios in which a non-client can bring a legal malpractice claim against an estate planning attorney. First, an estate representative may bring a legal malpractice action for damage to the estate. *Belt*, 192 S.W.3d at 787. Second, an executor of a will may bring suit for malpractice committed by a decedent's attorney outside of the estate-planning context. *Smith v. O'Donnell*, 288 S.W.3d 417, 419 (Tex. 2009). Neither scenario concerns Flores's claims in this case.

**C.      Implied Attorney-Client Relationship**

Flores acknowledges that the estate planning privity rule announced in *Barcelo* would typically bar claims such as hers. However, Flores maintains that *Barcelo* does not apply here, because an implied attorney-client relationship exsists between her and appellees.

The attorney-client relationship is a contractual relationship that arises from a lawyer's agreement to render professional services to a client. *Kiger v. Balestri*, 376 S.W.3d 287, 290–91 (Tex. App.—Dallas 2012, pet. denied) (citing *Kennedy v. Gulf Coast Cancer & Diagnostic Ctr.*, 326 S.W.3d 352, 357 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). While such a relationship is usually created through an express contract, it can also be implied from the parties' conduct. *Border Demolition & Env't, Inc. v. Pineda*, 535 S.W.3d 140, 152 (Tex. App.—El Paso 2017, no pet.). To support an implied attorney-client relationship, there must be evidence that both parties intended to create the

relationship. *Kiger*, 376 S.W.3d at 291. One party's mistaken, subjective belief that there exists an attorney-client relationship is insufficient to establish that an attorney owes a duty to the purported client. *Pineda*, 535 S.W.3d at 152; *Kiger*, 376 S.W.3d at 291. We use an objective standard to determine whether there is an implied attorney-client relationship. *Kiger*, 376 S.W.3d at 291.

Here, the essential facts are undisputed. Appellees had an express attorney-client relationship with Henderson for the provision of estate planning services. Appellees did not have a contract with Flores, open a file on behalf of Flores, or accept fees from Flores. Leal communicated with Flores regarding Henderson's wishes that Flores serve in various capacities relating to Henderson's estate. There is no evidence that appellees ever manifested an intent to provide legal services to Flores or that appellees reasonably should have known that Flores was relying on appellees in that regard. Rather, the record reflects that Leal's communications with Flores were in furtherance of appellees' representation of Henderson. *See Wright v. Gundersen*, 956 S.W.2d 43, 48 (Tex. App.— Houston [14th Dist.] 1996, no writ) (concluding that evidence that an estate planning attorney discussed with the plaintiff her roles as executor and attorney-in-fact did not create a fact issue as to the existence of an implied attorney-client relationship). Flores's subjective belief that appellees represented her is insufficient to establish an implied attorney-client relationship. *See Pineda*, 535 S.W.3d at 152; *Kiger*, 376 S.W.3d at 291.

For the foregoing reasons, we conclude that appellees met their burden to negate the duty element of Flores's legal malpractice, breach of fiduciary duty, and negligent

10

undertaking claims[2] and that Flores failed to present evidence creating a fact issue in this regard. *See Hunt*, 402 S.W.3d at 703; *Nall*, 404 S.W.3d at 555. Therefore, the trial court did not err in granting summary judgment as to those claims. *See Nall*, 404 S.W.3d at 555.

Appellees' summary judgment grounds, however, do not negate the duty element of Flores's negligent misrepresentation claim. While a non-client cannot recover against a lawyer for negligence, a lawyer may be liable for negligent misrepresentation under certain narrow circumstances. *LAN/STV v. Martin K. Eby Const. Co.*, 435 S.W.3d 234, 245 (Tex. 2014) (providing that liability may attach "'when information is transferred by an attorney to a known party for a known purpose,' liability is not expressly limited or disclaimed but invited, and the claimant has 'justifiably rel[ied] on a lawyer's representation of material fact,' which cannot ordinarily occur in an adversarial context" (quoting *McCamish, Martin, Brown & Loeffler v. F.E. Appling Ints*., 991 S.W.2d 787, 794 (Tex. 1999))). This is because a negligent misrepresentation claim is not based on the breach of a professional duty owed to clients but on a lawyer's independent duty to a non-client based on a lawyer's awareness of the non-client's reliance on a misrepresentation. *McCamish,* 991 S.W.2d at 792. Appellees presented no summary judgment grounds that

---

[2] Flores's breach of fiduciary duty and negligent undertaking claims are similarly based on appellees' purported failure to "cause [the] proposed Will [to] be made valid[.]" These claims constitute an impermissible fracturing of Flores's legal malpractice claim, and therefore, fail for the same reason as that claim. *See Border Demolition & Env't., Inc. v. Pineda*, 535 S.W.3d 140, 161 (Tex. App.—El Paso 2017, no pet.) (explaining that a claim "based solely on restated allegations that an attorney failed to provide adequate (or any) legal services as agreed upon by the parties" may be properly dismissed through summary judgment based on improper fracturing of a legal malpractice claim); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 82 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (explaining that the rule against fracturing provides that a plaintiff alleging legal malpractice may not opportunistically transform a claim sounding in negligence into separate causes of action). However, because a negligent misrepresentation claim does not rely on the duty owed by an attorney to a client, we address that claim separately.

would support the trial court's dismissal of Flores's negligent misrepresentation claim. *See FM Props.*, 22 S.W.3d at 872. Therefore, we conclude that the trial court erred in granting summary judgment as to this claim. *See Nall*, 404 S.W.3d at 555.

We sustain in part Flores's sole issue.

## IV. CONCLUSION

We reverse that part of the trial court's judgment dismissing Flores's negligent misrepresentation claim and remand the cause for further proceedings consistent with this opinion. We affirm the remainder of the judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
10th day of June, 2021.