CITY OF HOUSTON, Harris County, Harris County Education Department, Port of Houston of Harris County Authority, Harris County Flood Control District, And Harris County Hospital District, Appellants,

v.

ALIEF I.S.D. and Bernard Johnson Young, Inc., Appellees.

No. 14–02–00942–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 16, 2003.

---

**24.** *See* Maj. Op. at 909–910.

**25.** *Barajas,* 93 S.W.3d at 40–42.

Ernest C. Garcia, Austin, for appellants.

James D. Pierce, Terry G. Wiseman, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

### OPINION

LESLIE BROCK YATES, Justice.

The City of Houston and Harris County[1] appeal an agreed judgment in favor of appellees, Alief I.S.D. and Bernard Johnson Young, Inc. ("Young"). The City of Houston and Harris County contend the trial court erred in (1) finding they did not appeal a tax master's recommendation and entering a take-nothing judgment when the record shows a notice of appeal was filed, and (2) entering judgment without all parties to the litigation having notice. We reverse and remand.

---

1. The Notice of Restricted Appeal ("Notice") identifies the City of Houston, Harris County, the Harris County Education Department, the Port of Houston of Harris County Authority, the Harris County Flood Control District, and the Harris County Hospital District as appellants to the district court's March 6, 2002 judgment. Appellant's Brief refers to "Harris County, et. al." and to "Harris County." We assume the references to "Harris County" relate to Harris County and the Harris County jurisdictions listed in the Notice. For ease of reference, we will also use "Harris County" to refer collectively to Harris County and its county-wide jurisdictions.

## Background

■ Alief I.S.D. brought suit against Young for unpaid property taxes. The City of Houston and Harris County entered a plea in intervention claiming Young owed further taxes to them. After an August 24, 2001 hearing, the tax master concluded Young owed nothing and recommended a take-nothing judgment.[2]

■ On August 30, within ten days of the tax master's recommendation, the City of Houston and Harris County filed a "Notice of Appeal from the Decision" with the referring district court. Copies of the notice of appeal were sent to both Alief I.S.D. and Young. At the same time, Alief I.S.D. filed a notice of appeal with the referring district court. The district court issued a docket control order setting the case for trial on April 15, 2002. Alief I.S.D. filed a motion to compel Young to respond to its interrogatories and a request for production of documents and notified Young, as well as the City of Houston and Harris County, that a March 6, 2002 hearing would be held on the matter. The City of Houston and Harris County did not attend the discovery hearing.[3]

At the March 6 hearing, counsel for Alief I.S.D. and Young proposed an agreed judgment that the district court signed. The trial court ordered the City of Houston and Harris County take nothing as they failed to appeal the tax master's recommendation. This restricted appeal followed.

## Failure to Appeal

■ To be entitled to pursue a restricted appeal, the party seeking to appeal must show that it did not participate in the "hearing that resulted in the judgment complained of." Tex.R.App. P. 30. A party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal, may file a restricted appeal within six months after the judgment is signed. *Id.* The scope of review in a restricted appeal is the same as in an ordinary appeal, except that the error must appear on the face of the record. *Norman Communications v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997) (per curiam).

■ The Tax Code provides that a court in which a suit for delinquent tax is pend-

---

**2.** The record does not contain a judgment by the tax master. The only indication of the tax master's findings are notations in the docket sheet on August 24, 2001, recommending a take-nothing judgment. The docket sheet entry may not stand as an order. *See Util. Pipeline Co. v. Am. Petrofina Mktg.,* 760 S.W.2d 719, 723 (Tex.App.-Dallas 1988, no writ). However, both parties stated in lower court pleadings that the tax master entered recommendations on August 24. Furthermore, Alief I.S.D. and Young do not contest the entry of a take-nothing judgment in their appellate briefing. We accept as true the representation that the tax master entered a take-nothing judgment on August 24, in the absence of any argument by appellees to the contrary. *See* Tex.R.App. P. 38.1(f) ("In a civil case, the court will accept as true the facts

stated unless another party contradicts them. The statement must be supported by record references.").

**3.** Although neither party argues want of prosecution on appeal, we note that the trial court notified the parties that the case was eligible for dismissal for want of prosecution on March 7, 2002. When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. *See Bilnoski v. Pizza Inn, Inc.,* 858 S.W.2d 55, 57 (Tex.App.-Houston [14th Dist.] 1993, no writ). Here, however, the trial court entered an agreed judgment prior to this deadline and did not cite want of prosecution as grounds for dismissal of the City of Houston and Harris County's claim.

ing may refer the case to a master in chancery. TEX. TAX CODE ANN. § 33.71 (Vernon 2001). The master is authorized to conduct evidentiary proceedings and recommend a final judgment. *Godwin v. Aldine I.S.D.*, 961 S.W.2d 219, 220 (Tex. App.-Houston [1st Dist.] 1997, writ denied). Any party to the delinquent tax suit is entitled to a hearing by the judge of the referring court, if within ten days after the tax master gives notice of his or her findings and recommendation, an appeal of the master's report is filed with the referring court. TEX. TAX CODE ANN. § 33.74(a) (Vernon 2001). "On appeal to the referring court, the parties may present witnesses as in a hearing de novo only on the issues raised in the appeal." TEX. TAX CODE ANN. § 33.74(d). The statute provides that the referring court "shall hold a hearing on all appeals not later than the 45th day after the date on which the initial appeal was filed with the referring court." TEX. TAX CODE ANN. § 33.74(g); *see also Godwin*, 961 S.W.2d at 220.

■ Here, the district court failed to comply with section 33.74(g), which requires that a hearing be held on all appeals. The plain language of the statute dictates that any party may appeal the decision of a tax master to the referring court and that court must hold a hearing on all appeals after giving notice to the parties. TEX. TAX CODE ANN. § 33.74(a),(g). The City of Houston and Harris County properly filed their appeal to the district court within ten days of the tax master's recommendation and only received notice of a hearing on the motion to compel, which they chose not to attend. Furthermore, the City of Houston and Harris County already had been notified that the pre-trial conference or docket call would not take place until April 15, 2002.

There is little authority on this subject, but courts have looked to similar language within the Family Code to interpret section 33.74. *See Godwin*, 961 S.W.2d at 220–21. Language requiring that the referring court "shall hold a hearing" on all appeals has been held to be mandatory. *See Attorney General of Texas v. Orr*, 989 S.W.2d 464, 469 (Tex.App.-Austin 1999, no pet.).

■ The language of section 33.74(g) indicates that when a notice of appeal is properly filed, the requirement that the referring court hold a de novo hearing is mandatory. Here, the City of Houston and Harris County properly appealed the tax master's finding, and the referring court erred in rendering judgment without holding a de novo hearing. Such a failure is presumed harmful. *See Orr*, 989 S.W.2d at 469; *Young v. Young*, 854 S.W.2d 698, 703 (Tex.App.–Dallas 1993).

Having sustained appellants' first point of error we need not address their complaint about the lack of notice. We reverse the judgment of the district court and remand the cause to that court for further proceedings consistent with this opinion.