Opinion issued November 18,
2010

 



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NO. 01-09-01054-CV

———————————

R.K. Dhingra, Appellant

V.

ALDINE INDEPENDENT SCHOOL DISTRICT, HARRIS COUNTY, HARRIS COUNTY
DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS
COUNTY FLOOD CONTROL DISTRICT, LONE STAR COLLEGE SYSTEM DISTRICT, HARRIS COUNTY
EMERGENCY SERVICE DISTRICT #20, HARRIS COUNTY EMERGENCY SERVICE DISTRICT #1, and
NORTHWEST PARK MUNICIPAL UTILITY DISTRICT, Appellees



 



 

On Appeal from the 113th
Judicial District Court

Harris County, Texas



Trial Court Case No. 2006-47419

 



 




 

MEMORANDUM OPINION

          Appellant,
R.K. Dhingra, appeals the trial court’s judgment for back taxes rendered in
favor of appellees, Aldine Independent School District, Harris County, Harris
County Department of Education, Port of Houston Authority of Harris County,
Harris County Flood Control District, Lone Star College System District, Harris
County Emergency Service District #20, Harris County Emergency Service District
#1, and Northwest Park Municipal Utility District (collectively, the “Taxing Units”).  In three issues, Dhingra contends the tax master
erred by recommending the Taxing Units’ motion for summary judgment be granted and
the trial court erred by failing to conduct a hearing de novo on the appeal of
the tax master’s recommendation.  In a
fourth issue, Dhingra asserts that we should render judgment in his favor
because the Taxing Units presented no evidence to the trial court.  The Taxing Units concede the trial court did
not conduct a hearing de novo and that remand for a de novo hearing is
appropriate.  We conclude that the case
should be remanded for trial de novo.  We
reverse and remand.

Background

          The
Taxing Units filed this action against Dhingra alleging
that Dhingra owed past-due property taxes and other charges.  The Taxing Units filed a joint motion for summary
judgment on May 29, 2009, which was set for hearing on June 19, 2009,
only 21 days from the date of filing. 
The Taxing Units represented in their certificate of
service that the motion was “forwarded in compliance with Rule 21a,”
which under the circumstances of this case required a minimum of 24 days notice.  Before the date of the hearing, Dhingra filed
a third-party petition against three parties. 
 

          On
June 19, 2009 the tax master recommended that the Taxing
Units’ motion for summary judgment be granted and issued a report to the
district court
accordingly.  Dhingra filed a timely notice
of appeal of the tax master’s report on June 25, 2009, entitling him to a
hearing de novo.  However, the
trial court did not hold the hearing de novo, but signed an order
confirming the tax master’s report and granting the Taxing Units’ motion for
summary judgment.  In its final judgment,
the trial court
also dismissed Dhingra’s claims against the third-party defendants.

Law Concerning Appeal of Tax
Master’s Recommendation

          The
Tax Code provides that a trial court may refer a case for delinquent taxes to a
master in chancery.  Tex. Tax Code Ann. § 33.71(a) (Vernon
2008).  The tax master is authorized to
conduct evidentiary proceedings and recommend a final judgment.  Id.
§§ 33.71(b), 33.72 (Vernon 2008); City of
Houston v. Alief Indep. Sch. Dist., 117 S.W.3d 913, 915 (Tex. App.—Houston
[14th Dist.] 2003, no pet.).  Any party
to the delinquent tax suit is entitled to a hearing by the judge of the
referring court, if within ten days after the tax master gives notice of the recommendation,
an appeal of the tax master’s report is filed with the referring court.  Tex.
Tax Code Ann. § 33.74(a) (Vernon 2008).  “On appeal to the referring court, the
parties may present witnesses as in a hearing de novo only on the issues raised
in the appeal.”  Id. § 33.74(d).  The hearing
de novo is mandatory.  Id. § 33.74(g); Alief Indep. Sch. Dist., 117 S.W.3d at 915.  

Analysis

          In
his first issue, Dhingra contends that the master erred by recommending the summary
judgment be granted because the notice of the hearing was not timely
served.  The Taxing Units concede this
point.  We, therefore, sustain Dhingra’s
first issue.

          In
his second issue, Dhingra contends that the trial court erred by failing to
conduct a hearing de novo.  The Taxing Units
concede that the trial court did not hold a hearing de novo and the trial
court’s judgment should be reversed.  We,
therefore, sustain Dhingra’s second issue.

          In
his third issue, Dhingra contends that this Court should render judgment in his
favor.  The Taxing Units respond that
remand is appropriate.  In support of his
position that we should render judgment in his favor, Dhingra contends that the
Taxing Units did not present any evidence in support of their claims for
past-due taxes.  However, as stated
above, there was no hearing.  Thus, there
was no opportunity to present evidence. 
Dhingra’s complaint on appeal is that the trial court did not conduct a hearing
de novo.  Therefore, the remedy is to
grant him that hearing, and remand is appropriate.  See
Alief Indep. Sch. Dist.,
117 S.W.3d at 915 (remanding case for hearing de novo where trial court
rendered judgment without conducting hearing de novo); Godwin v. Aldine Indep. Sch. Dist., 961 S.W.2d 219, 221 (Tex. App.—Houston
[1st Dist.] 1997, pet. denied) (remanding case for hearing de novo where trial
court failed to conduct hearing de novo before dismissing case).

          In
his fourth issue, Dhingra contends that the trial court erred by “nonsuiting”
the third-party defendants.  The trial
court’s judgment, which did not grant relief for or against the third-party
defendants, states, “IT IS ORDERED that all parties heretofore named in any
pleadings filed by any party and not included in this judgment . . . are hereby
dismissed without prejudice to the right to refile their claims.”  Because we have already held the trial
court’s judgment must be reversed, we do not address this issue.




 

Conclusion

          We
reverse the trial court’s judgment and remand this cause for the trial court to
conduct a hearing de novo.

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices
Jennings, Alcala, and Higley.