**Reversed and Remanded and Opinion filed September 25, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00043-CV

_____

## IN THE INTEREST OF R.A.O.

_____

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2013-11939**

_____

## O P I N I O N

A father appeals (1) the associate judge's final order granting the mother's petition to modify the parent-child relationship, (2) the district court's order denying his request for a de novo hearing before the trial court, and (3) the district court's denial of his motion for new trial. Under the plain language of the applicable statutes, the father timely requested a de novo hearing before the district court, and the district court reversibly erred in denying the hearing. We reverse and remand on that point, without reaching the father's other appellate issues.

# I. INTRODUCTION

The Texas Legislature has set up a framework under chapter 201 of the Texas Family Code, authorizing district court judges to refer various family-law issues to associate judges. *See* Tex. Fam. Code Ann. §§ 201.001, *et seq*. (West, Westlaw through 2017 1st C.S.). In subchapter A of chapter 201, the Legislature sets the qualifications, powers, and procedures for an associate judge. *See id*. §§ 201.001-.018. Then, in the next three subchapters of chapter 201, the Legislature provides for specialized associate judges for Title IV-D cases (subchapter B), child-protection cases (subchapter C), and juvenile matters (subchapter D). *See id*. §§ 201.101, *et seq., §§* 201.201, *et seq., §§* 201.301, *et seq.* The record reflects that the associate judge who presided over the bench trial in today's case was a Title IV-D associate judge, and no party argues otherwise.

# II. FACTUAL AND PROCEDURAL BACKGROUND

Appellee The Office of the Attorney General of Texas filed suit in the district court below seeking a modification of appellant Johnny Ochoa's child-support obligation. Appellee Roxana Barrera filed her own petition to modify the parent-child relationship, seeking an increase in the amount of Ochoa's child-support payments.

Our appellate record does not contain the petition filed by the Office of the Attorney General of Texas. In the statement-of-facts section of Ochoa's appellate brief, Ochoa asserts that the Office of the Attorney General of Texas filed suit in the trial court below seeking a modification of Ochoa's child-support obligation, and no party has contradicted this statement. In fact, Barrera makes a similar statement in her appellate brief. Therefore, we accept this statements as true. *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the court will accept as true the facts stated unless another party contradicts them"); *Johnson v. Office of*

*Attorney General of Texas*, No. 14-11-00842-CV, 2013 WL 151622, at \*1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2013, no pet.) (mem. op.).

*Proceedings Before the Title IV-D Associate Judge*

The parties appeared before a Title IV-D associate judge ("Associate Judge") many times for hearings related to the modification proceeding. The Associate Judge then presided over a bench trial in the modification proceeding. The docket sheet indicates that the trial began on August 26, 2016, that the court recessed the trial until September 7, 2016, and that the trial concluded on that date. In his appellate brief, Ochoa states that the "Title IV-D Court's recording system had been corrupted" so that no reporter's record is available from the trial proceedings on August 26, 2016, the first day of trial.

On the last day of trial, the Associate Judge made an oral rendition of his order, increasing Ochoa's child-support obligation. The parties approved a proposed final order as to form and submitted the proposed final order on September 29, 2016. The record reflects that the Associate Judge signed that order on October 24, 2016 (the "Final Order").

*Proceedings before the District Court Judge*

Two days after the Associate Judge signed the Final Order, Ochoa filed a request for de novo hearing before the district court judge, setting out five issues. Barrera responded, arguing that Ochoa's request for de novo hearing was untimely under sections 201.011 and 201.015 of the Texas Family Code.

The district court conducted an oral hearing on Ochoa's request for de novo hearing and considered Barrera's untimeliness argument as a threshold matter. Without disputing the factual events relating to the issue, the parties presented their respective legal arguments concerning the appropriate application of various

sections of the Family Code. The parties clashed over the meaning and applicability of various provisions in Chapter 201. After hearing the parties' arguments, the district court stated, "the request for de novo hearing was not filed timely; and, therefore, is denied."

The next day, Ochoa filed a motion for new trial challenging the Final Order, raising issues akin to those stated in his request for de novo hearing. The district court issued an "Order Denying Request for De Novo Appeal" on December 5, 2016 (the "De Novo Hearing Denial"). At the end of the De Novo Hearing Denial, the district court judge also stated that the court affirmed "the judgment in this cause as rendered by the IV-D Court Judge on September 7, 2016."

The district court later held a hearing on Ochoa's motion for new trial and stated in open court that the court was denying the motion because the district court did not have before it any reporter's record of the bench trial before the IV-D associate judge.

Ochoa timely filed a notice of appeal, in which he stated that he is appealing the Final Order, the De Novo Hearing Denial, and the order denying his motion for new trial.

### III. ISSUES AND ANALYSIS

Ochoa raises six issues on appeal. In his first four issues, Ochoa complains of alleged errors of the Associate Judge that resulted in an increase of his child-support obligations and made that increase retroactive. In his sixth issue, Ochoa complains the district court erred in denying his motion for new trial. Today, we address only the fifth issue, in which Ochoa asserts that the district court erred in denying Ochoa's request for de novo hearing.

4

**A. Did the district court err by denying Ochoa's request for de novo hearing?**

To determine whether the trial court erred in denying Ochoa's request for de novo hearing, we first must decide which statute provides the deadline for filing such a request. Barrera argued, and the district court apparently agreed, that the deadline in Family Code section 201.015(a) applies. But, Ochoa asserts that Family Code section 201.1042(b) provides the statutory deadline. *See* Tex. Fam. Code Ann §§ 201.015, 201.1042(b) (West, Westlaw through 2017 1ˢᵗ C.S.). We consider the issue as a matter of first impression in this court.

### 1. *Determining the Applicable Statutory Deadline*

As noted, Chapter 201 of the Texas Family Code authorizes trial judges to refer various family-law issues to associate judges. *See* Tex. Fam. Code Ann. §§ 201.001, *et seq*. (West, Westlaw through 2017 1ˢᵗ C.S.). In subchapter B of chapter 201, the Legislature affords specialized associate judges for Title IV-D cases. Although subchapter B incorporates some of the general provisions of subchapter A, subchapter B also contains provisions that differ from those in subchapter A. *See, e.g.,* Tex. Fam. Code Ann. § 201.102 (West, Westlaw through 2017 1ˢᵗ C.S.) (stating that "[s]ubchapter A applies to an associate judge appointed under this subchapter, except that, to the extent of any conflict between this subchapter and Subchapter A, this subchapter prevails."); *In re B.W.E.*, 14-10-01008-CV, 2011 WL 1990633, at *1 (Tex. App.—Houston [14th Dist.] May 17, 2011, pet. denied) (stating that subchapter B prevails over subchapter A to the extent of any conflict) (mem. op., per curiam). Because the associate judge who presided over the bench trial in this case was a Title IV-D associate judge, the provisions of subchapter B apply. *See* Tex. Fam. Code Ann. § 201.101, *et seq*.; *In re B.W.E.*, 2011 WL 1990633, at *1 (stating that subchapter B specifically pertains to Title IV-D associate judges).

5

A IV-D associate judge may recommend to the referring court any order after a trial on the merits. *See* Tex. Fam. Code Ann. § 201.104(c) (West, Westlaw through 2017 1ˢᵗ C.S.). Following a hearing conducted by a IV-D associate judge, the associate judge shall send the judge's written report to the referring court. *See id.* §§ 201.011 (a),(e), 201.102 (West, Westlaw through 2017 1ˢᵗ C.S.). The associate judge's report may be in the form of a proposed order. *See id.* §§ 201.011(a), 201.102 (West, Westlaw through 2017 1ˢᵗ C.S.). After the hearing, the associate judge must give the participating parties notice of the substance of the associate judge's report, including any proposed order. *See id.* §§ 201.011(b), 201.102 (West, Westlaw through 2017 1ˢᵗ C.S.). The associate judge may give notice to these parties "in open court, by an oral statement or a copy of the associate judge's written report." *See id.* §§ 201.011(c), 201.102 (West, Westlaw through 2017 1ˢᵗ C.S.). Barrera asserts that the Associate Judge's oral rendition at the end of trial on September 7, 2016, constituted notice to the parties of the substance of the Associate Judge's report under section 201.011. We presume, without deciding, that this is so.

Under section 201.015(a), "[a] party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of . . . the substance of the associate judge's report as provided by Section 201.011." *Id.* § 201.015(a) (West, Westlaw through 2017 1ˢᵗ C.S.). Thus, if Ochoa received notice of the substance of the Associate Judge's report through the oral rendition on September 7, 2016, and if the section 201.015(a) deadline applies, then Ochoa had to request a de novo hearing before the referring court on or before September 12, 2016.

But, the section 201.015(a) deadline does not apply if that deadline differs

6

from the deadline under section 201.1042. *See id.* § 201.1042(a) (West, Westlaw through 2017 1st C.S.) (stating that "[e]xcept as provided by this section, Section 201.015 applies to a request for a de novo hearing before the referring court."). So, we now examine section 201.1042. In that section, entitled, "De Novo Hearing Before Referring Court," the Texas Legislature provides as follows:

(a) Except as provided by this section, Section 201.015 applies to a request for a de novo hearing before the referring court.

(b) The party requesting a de novo hearing before the referring court shall file notice with the clerk of the referring court not later than the third working day after the date the associate judge signs the proposed order or judgment.

(c) A respondent who timely files a request for a de novo hearing on an associate judge's proposed order or judgment providing for incarceration shall be brought before the referring court not later than the first working day after the date on which the respondent files the request for a de novo hearing. The referring court shall determine whether the respondent should be released on bond or whether the respondent's appearance in court at a designated time and place can be otherwise assured.

(d) If the respondent under Subsection (c) is released on bond or other security, the referring court shall condition the bond or other security on the respondent's promise to appear in court for a de novo hearing at a designated date, time, and place, and the referring court shall give the respondent notice of the hearing in open court. No other notice to the respondent is required.

(e) If the respondent under Subsection (c) is released without posting bond or security, the court shall set a de novo hearing at a designated date, time, and place and give the respondent notice of the hearing in open court. No other notice to the respondent is required.

(f) If the referring court is not satisfied that the respondent's appearance in court can be assured and the respondent remains incarcerated, a de novo hearing shall be held as soon as practicable, but not later than the fifth day after the date the respondent's request for a de novo hearing before the referring court was filed, unless the respondent or, if represented, the respondent's attorney waives the

7

accelerated hearing.

(g) Until a de novo hearing is held under this section and the referring court has signed an order or judgment or has ruled on a timely filed motion for new trial or a motion to vacate, correct, or reform a judgment, an associate judge may not hold a hearing on the respondent's compliance with conditions in the associate judge's proposed order or judgment for suspension of commitment or on a motion to revoke the respondent's community supervision and suspension of commitment.

*Id.* § 201.1042 (West, Westlaw through 2017 1st C.S.).

We review the district court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, we seek to give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, then we adopt the interpretation supported by the plain meaning of the words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

Under the clear text of section 201.1042(b), a party requesting a de novo hearing before the referring court as to a IV-D associate judge's proposed order or judgment shall file notice with the clerk of the referring court not later than the third working day after the date the IV-D associate judge signs the proposed order or judgment. *See id.* § 201.1042(b). Subject to an exception not applicable in today's case, the IV-D associate judge's proposed order or judgment is in full force and effect and is enforceable as an order or judgment of the referring court pending a de novo hearing before the referring court. *See* Tex. Fam. Code Ann §

8

201.1041(c) (West, Westlaw through 2017 1st C.S.) Though the language in subsections (c) through (f) addresses situations in which the IV-D associate judge's proposed order or judgment provides for incarceration, these subsections do not change the unambiguous text in subsection (b) that applies to all requests for a de novo hearing before the referring court as to a IV-D associate judge's proposed order or judgment. *See id.* § 201.1042; *In re B.W.E.*, 2011 WL 1990633, at *1 (applying section 201.1042(b) in a case that did not involve incarceration). We conclude that section 201.1042(b) provides the statutory deadline.

## 2. *Analyzing the Denial of the Request for De Novo Hearing*

Though the text of the Final Order does not name the judge that signed the order, the text does reflect that the judge who signed the order presided over the September 7, 2016 trial. And, the record reflects that the Associate Judge presided over that trial. In his request for de novo hearing, Ochoa asserted that a court clerk informed his office on October 25, 2016, that the IV-D associate judge had signed an order on October 24, 2016. At the hearing on Ochoa's motion for new trial, Ochoa's counsel pointed out that in the motion Ochoa challenged the order signed by the Associate Judge on October 24, and in response, the district court judge indicated that the Associate Judge signed the October 24, 2016 order. In sum, no party asserts that any other judge signed the Final Order, and the record reflects that the Associate Judge signed it.

Because the Associate Judge signed a proposed order on October 24, 2016 (the Final Order), under section 201.1042(b), Ochoa's deadline for requesting a de novo hearing before the referring court as to the Final Order would be October 27, 2016. *See id.* § 201.1042. Because this deadline conflicts with the September 12, 2016 deadline if section 201.015(a) applies, we must apply the October 27, 2016 deadline under section 201.1042(b). *See* Tex. Fam. Code Ann §§ 201.102,

201.1042(a),(b) (West, Westlaw through 2017 1st C.S.) (stating that "[e]xcept as provided by this section, Section 201.015 applies to a request for a de novo hearing before the referring court."); *Office of the Attorney Gen. of Texas v. C.W.H.*, 531 S.W.3d 178, 181–82 (Tex. 2017) (noting that if a party wishes to request a de novo hearing it must file a notice of its request within three working days after "the associate judge signs the proposed order or judgment"); *In re B.W.E.*, 2011 WL 1990633, at *1 (stating that subchapter B prevails over subchapter A to the extent of any conflict).

The record reflects that on October 26, 2016, Ochoa properly and timely requested a de novo hearing before the district court as to the Associate Judge's Final Order. The district court denied this timely request, implicitly determining that the request was untimely and thus that the Associate Judge's proposed order became the order of the district court by operation of law without any need for ratification by the district court. *See* Tex. Fam. Code Ann § 201.1041(a) (West, Westlaw through 2017 1st C.S.). At the end of the written order in which the district court denied Ochoa's request for a de novo hearing, the district court stated that the court affirmed "the judgment in this cause as rendered by the IV-D Court Judge on September 7, 2016." Under section 201.1041, the district court need not have ratified the ruling of the Associate Judge. Notwithstanding this language, the substance of the district court's order is an order denying Ochoa's request for a de novo hearing. *See* Tex. Fam. Code Ann § 201.1041(a) (West, Westlaw through 2017 1st C.S.). Because Ochoa properly and timely requested a de novo hearing, the trial court erred in denying Ochoa's request. *See* Tex. Fam. Code Ann. §§ 201.102, 201.1042(a),(b).

If a party timely requests a de novo hearing under section 201.1042(b), the referring court must conduct the de novo hearing within thirty days. Tex. Fam.

10

Code Ann. § 201.015(f); *C.W.H.*, 531 S.W.3d at 182; *Phagan v. Aleman*, 29 S.W.3d 632, 634 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  At the de novo hearing, the parties may present witnesses, and the referring court "may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury."  Tex. Fam. Code Ann. § 201.015(c).  For Ochoa, who alleges that no record of the proceedings on the first day of trial is available, the opportunity to present witnesses at a de novo hearing is particularly important, if not essential.

**B.    Was the district court's erroneous refusal to grant a de novo hearing harmful?**

Under Texas Rule of Appellate Procedure 44.1(a), a trial-court error requires reversal if the error probably caused the rendition of an improper judgment.  *See* Tex. R. App. P. 44.1(a). A judgment rendered without granting a party the right to a de novo hearing on matters disposed of in the judgment is an improper judgment. *See* Tex. Fam. Code Ann. §§ 201.102, 201.1042(a),(b); *City of Houston v. Alief I.S.D.*, 117 S.W.3d 913, 916 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *In re Talley*, 07-15-00198-CV, 2015 WL 3856400, at *2 (Tex. App.—Amarillo June 22, 2015, no pet.); *Phagan v. Aleman*, 29 S.W.3d 632, 634 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Attorney General of Texas v. Orr*, 989 S.W.2d 464, 469 (Tex. App.—Austin 1999, no pet.).  Thus, the trial court's error probably caused the rendition of an improper judgment and necessitates reversal of the Final Order. *See* Tex. Fam. Code Ann.  §§ 201.102, 201.1042(a),(b); *City of Houston*, 117 S.W.3d at 916; *In re Talley*, 2015 WL 3856400, at *2; *Phagan*, 29 S.W.3d at 634; *Orr*, 989 S.W.2d at 469. Finding the De Novo Hearing Denial harmful error, we sustain Ochoa's fifth issue.

11

## IV. CONCLUSION

The trial court reversibly erred in denying Ochoa's request for a de novo hearing before the district court as to the Associate Judge's Final Order. We therefore reverse the Final Order and the De Novo Hearing Denial, and we remand for further proceedings in accordance with this opinion, including the de novo hearing. We need not and do not address Ochoa's other appellate issues.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Busby and Wise.