**Opinion issued August 27, 2019**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-19-00207-CV

———————————

### IN THE INTEREST OF E.O., A CHILD

On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Case No. 93697-F

———————————

### NO. 01-19-00371-CV

———————————

### IN RE M.M., Relator

**Original Proceeding on Petition for Writ of Mandamus**

## MEMORANDUM OPINION

Appellant M.M. appeals after having her parental rights terminated. M.M. has also filed an original proceeding for mandamus relief that is the same relief sought in her appeal. We therefore consolidated the two appellate proceedings. We will reverse the termination order and remand the case in the appeal, and we will dismiss as moot the original proceeding.

### Background

A bench trial was held on the Department of Family and Protective Services' petition to terminate M.M.'s parental rights to her child E.O. before an associate judge, who made an oral associate judge's report of termination of M.M.'s parental rights. Before a final order was entered, M.M. filed a notice of appeal. M.M. also filed a timely request for a de novo hearing before the district judge.

Because of her premature notice of appeal, M.M. moved to abate the appeal in this court so that the district judge could hold the de novo hearing and enter a final order. Because this court had not ruled on the motion to abate in the pending appeal, the district judge declined to proceed with the de novo hearing without a ruling or instruction from this court. Thereafter, and still before this court had ruled on the motion to abate and before holding a de novo hearing, the district judge

siged a final order of termination.[1] A few days later, and before receiving notice of the final order, this court abated the appeal for thirty days so that the district judge could sign a final order. M.M. had the trial court clerk set her de novo hearing, and she also filed her original proceeding for mandamus relief requesting that we order the district judge to vacate the final order and to hold the de novo hearing.

The Department filed a response to M.M.'s petition for writ of mandamus, and this court then consolidated the two appellate proceedings and allowed the parties' mandamus briefs to serve as their appellate briefs.

**Discussion**

A trial court may refer to an associate judge "any aspect of a suit over which the court has jurisdiction" under the Family Code. TEX. FAM. CODE § 201.005(a). When a matter is referred to an associate judge, the associate judge may, among other things, conduct a hearing, hear evidence, make findings of fact, and recommend an order to be rendered. *Id.* § 201.007. When an associate judge makes a recommendation or temporary order, any party may request a "de novo hearing before the referring court," specifying the issues that will be presented to the referring court. *Id.* § 201.015(a), (b). The de novo hearing is mandatory when properly requested. *Id.* § 201.015(f) ("The referring court . . . shall hold a de novo hearing . . . ."); *Phagan v. Aleman*, 29 S.W.3d 632, 635 (Tex. App.—Houston [1st

---

[1]  The final order also terminated the parental rights of N.O., the father of E.O. He has not appealed or otherwise challenged the final order.

Dist.] 2000, no pet.); *see also In re S.S.R.*, No. 13-18-00576-CV, 2019 WL 1290659, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 21, 2019, no pet.); *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no writ).

A referring court errs if it fails to hold a properly requested de novo hearing and signs a final order of termination. *See S.S.R.*, 2019 WL 1290659, at *2; *Harrell*, 986 S.W.2d at 631. The failure to hold such a hearing is presumed harmful. *Phagan*, 29 S.W.3d at 635; *see also In re R.A.O.*, 561 S.W.3d 704, 710–11 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We therefore reverse that part of the final order terminating M.M.'s parental rights and remand this case for a de novo hearing. *See S.S.R.*, 2019 WL 1290659, at *2; *R.A.O.*, 561 S.W.3d at 711; *Harrell*, 986 S.W.2d at 631–32. The part of the final order terminating N.O.'s parental rights is unaffected by this reversal.

## Conclusion

We reverse the part of the trial court's final order terminating M.M.'s parental rights and remand this case for a de novo hearing. We dismiss as moot M.M.'s original proceeding.

Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

4