

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00203-CV

**ETHEL ANNETTE PETTIGREW,**

**Appellant**

 **v.**

**ROBERT GASTINEAU,**[1]

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. DC-C201500720**

## MEMORANDUM OPINION

Appellant Ethel A. Pettigrew (Pettigrew) appeals the trial court's order granting

Appellee Robert Gastineau's (Gastineau) motions for summary judgment.[2] We affirm.

---

[1]      Appellee notes in his Second and Third Amended Original Petitions that his actual name is Robert Gastineau. We change the heading accordingly.

[2]      James L. Pettigrew (Mr. Pettigrew), Pettigrew's father, was added as a defendant in Gastineau's Third Amended Original Petition. Gastineau's claims against Mr. Pettigrew were voluntarily dismissed, and Mr. Pettigrew is not a party to this appeal.

*Background*

The statement of facts included in Pettigrew's brief notes the following:

[I]n October of 2011 [Gastineau] signed a contract for deed to purchase property belonging to Pettigrew via owner financing, specifically a purchase price of $135,000, with a five year loan at a five percent rate of interest. Due to the poor condition of the house, [Gastineau] and Pettigrew also entered into a "Renovation and Improvement Addendum," to offer credits against the monthly mortgage payments to [Gastineau] to offset his costs in repairing the house. There were numerous conflicts between Pettigrew and [Gastineau] but it is a [sic] undisputed that [Gastineau] made all mortgage payments until April of 2015 when Pettigrew began returning them. Another party, Terry Burns, attempted to purchase a neighboring five acre tract from Pettigrew, leading to a dispute between he, [Gastineau], and Pettigrew as to precisely where the property line between the two tracts was located. On June 18, 2015, [Gastineau] was served with a notice of acceleration of loan and foreclosure from Pettigrew. Several actions were brought and dismissed by the parties in the justice court. [Gastineau] has been in exclusive possession of the land ever since.

We accept these facts as true because they have not been contradicted. *See* TEX. R. APP. P. 38.1(g); *see also In re R.A.O.*, 561 S.W.3d 704, 706 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

The record reflects that the five-acre tract purchased by Gastineau was part of a ten-acre parcel originally owned by Mr. Pettigrew, who sold the ten-acre parcel to his daughter, Pettigrew, in 2008 subject to a $20,000 lien.[3] Pettigrew sold five acres out of the undivided ten-acre parcel to Gastineau in 2011 (the West Tract). No survey was conducted at the time of the sale, and no deed of trust was executed.

---

[3] The contract for land deed between Pettigrew and Gastineau incorrectly reflects this amount as $40,000.

The same month that Gastineau and Pettigrew executed the Contract for Land Deed, Pettigrew sold the remaining five acres of the ten-acre parcel (the East Tract) to Burns. Burns discovered that the East Tract was in a flood plain that was incompatible with the placement of a septic system. Pettigrew then notified Gastineau that she was taking two acres from the West Tract to give to Burns for installation of a septic system. Gastineau did not legally contest this move. Burns either defaulted on his contract with Pettigrew or she allowed him to rescind their contract, but the title of the East Tract remained in Pettigrew's name.

A series of lawsuits followed, with Pettigrew attempting to oust Gastineau from the West Tract through eviction proceedings. The proceedings were either dismissed by agreement of Pettigrew and Gastineau or, in one case, a judgment of acquittal was entered in favor of Gastineau. *See Pettigrew v. Gastineau*, Cause No. FD150077 (Johnson County Justice Court, Precinct #2, Place #1, Tex. June 5, 2015).

Gastineau initiated the present suit on October 16, 2015, asserting claims for trespass to try title, trespass to real property, breach of contract, and statutory fraud. On December 17, 2015, Pettigrew filed an answer and asserted counterclaims for breach of contract and for a declaratory judgment. Pettigrew requested a declaration that the contract between her and Gastineau was valid and enforceable, that Gastineau failed to comply with the contract, that Pettigrew properly terminated the contract, and that Pettigrew is entitled to possession of the West Tract. Pettigrew was represented by counsel at the time she filed her answer and counterclaims. On April 21, 2016, Gastineau

filed a second amended original petition that included additional facts in support of his suit and added claims under the Deceptive Trade Practices Act and the Property Code.

On June 23, 2016, while the case was still pending and prior to Gastineau moving for summary judgment, Pettigrew deeded her interest in the entire ten-acre parcel back to Mr. Pettigrew. Mr. Pettigrew signed a release of lien on June 27, 2016. On July 6, 2016, Mr. Pettigrew gave Gastineau a notice to vacate the property. Gastineau filed a third amended original petition on July 11, 2016 adding Mr. Pettigrew as a defendant. Also, on July 11, 2016, Pettigrew's attorney was granted leave to withdraw. On September 30, 2016, Mr. Pettigrew sold the entire ten acres to Gastineau for the purchase price of $89,548.08 that included a tractor, bushhog, and box blade. The warranty deed was secured by a vendor's lien and deed of trust. Gastineau filed a motion for nonsuit as to his claims against Mr. Pettigrew on October 3, 2016 that was granted on the same date.

On June 14, 2017, Gastineau filed a motion for no evidence and traditional summary judgment on Pettigrew's counterclaims and for traditional summary judgment on his own claims. Pettigrew, who remained without counsel, filed an untimely response to Gastineau's motion on July 26, 2017. Pettigrew's response consists of approximately four hundred pages of largely indecipherable documents. At a hearing on the same date, Pettigrew orally requested a continuance in order to obtain counsel. Gastineau's attorney represented to the trial court that Gastineau was not seeking monetary damages or attorney's fees, merely an equitable remedy under the DTPA of rescinding the contract with Pettigrew. The trial court reset the hearing for October 30, 2017. Ten days before the hearing, Pettigrew requested another continuance in order to "extend the time to

allow Affidavit of Evidence and Revised Counter Suit submission." Attached to the motion was Pettigrew's response to Gastineau's no evidence motion for summary judgment, another 141 pages of documents. At the October 30th hearing, the trial court continued the case for another six months. The trial court did not specifically address Pettigrew's request to extend the time to file her "affidavit of evidence." On April 10, 2018, Pettigrew filed a "Supplemental Amended Response Answer to Plaintiffs 'No Evidence' Motion & Petitions, Third Revised Counterclaim and Interposing Counterclaim for Judicial Foreclosure." At a hearing on the same date, Pettigrew requested another six-month continuance that was denied by the trial court. New counsel for Pettigrew entered an appearance on April 19, 2018.

On May 24, 2018, the trial court signed an order granting Gastineau's motions for summary judgment specifically finding:

> [T]he Owner Finance Contract for Land Deed recorded at Instrument#: 12110, recorded on June 8, 2015, in the Real Property Records of Johnson County, Texas arose from multiple violations of Chapter 5 of the Texas Property Code, and is clouding title to the 10-acre tract located and commonly known as 7124 Sky Road, Joshua, Texas 76058, Johnson County, Texas.

The trial court directed that the Judgment be recorded in the real property records of Johnson County, Texas, and "that upon such recordation any lien created in favor of Ethel Annette Pettigrew created under the Owner Finance Contract for Deed recorded at Instrument #: 12110, recorded on June 8, 2015, in the Real Property Records of Johnson County, Texas, shall no longer have any force or effect." The trial court further dismissed Pettigrew's counterclaims for breach of contract and for declaratory judgment.

*Issues*

In her one point of error, Pettigrew asserts: "Summary judgment was improper in this case and resulted in unjust enrichment of Appellee at the expense of Pettigrew." In her brief, Pettigrew argues that the trial court erred in granting Gastineau's motion for summary judgment because "the court gave effective ownership of the western tract of land to [Gastineau], when it [is] undisputed he has not paid a fair price for it, as well as effective ownership of the eastern tract of land, when it is undisputed he has paid nothing for it." In her request for relief, Pettigrew requests that the trial court's judgment be reversed and that judgment be entered in favor of her against Gastineau. Pettigrew alternatively requests that the trial court's judgment be reversed and the case remanded for a new trial or that the trial court's judgment be modified to reflect only the rescission of the contract for deed.

*Standard of Review*

We review a trial court's ruling on a motion for summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a party moves for both traditional and no-evidence summary judgment on the same ground or issue, we first review the trial court's judgment under the no-evidence standard of review. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "That is because if the non-movant fails to produce legally sufficient evidence to meet his

burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied its burden under the traditional motion." *Id*.[4]

We review a no-evidence summary judgment under the same standard as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to each challenged element of its cause of action. *Id*. at 582. We consider the evidence in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (*per curiam*); *City of Keller v. Wilson*, 169 S.W.3d 802, 823 (Tex. 2005). When the non-movant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."[5] *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

---

[4]     Although Pettigrew's responses to Gastineau's motions for summary judgment were untimely, the trial court's recitation in the order granting summary judgment that it had reviewed the evidence and heard the arguments is a sufficient "affirmative indication" that Pettigrew's responses and attached evidence were considered by the trial court. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 260-61 (Tex. 2020).

[5]     Because we find the trial court's ruling on the no-evidence motion for summary judgment dispositive, we will not address the ruling on the traditional motion for summary judgment.

As noted previously, Gastineau represented to the trial court that he was not seeking monetary damages on any of the claims he asserted against Pettigrew, but merely the equitable remedy of rescinding the contract.

### *Discussion*

To the extent Pettigrew seeks a declaration that she is the owner of the entire ten acres, she is without standing to assert such a claim. As previously noted, Pettigrew sold her interest in the property to her father. Without an interest in the property, Pettigrew has no standing to assert any claims related to ownership of the property. *See Heckman v. Williamson County*, 369 S.W.3d 137, 151 (Tex. 2012) (appellate court has no jurisdiction if plaintiff lacks standing). Pettigrew also has no standing to contest whether the price Gastineau paid for the property is "fair" because the price was paid to Mr. Pettigrew. While Pettigrew asserts that it is "undisputed" that Gastineau has paid nothing for the East Tract, it is only undisputed that Gastineau did not pay *her* for the East Tract. The East Tract was owned by Mr. Pettigrew when Gastineau purchased it.

Pettigrew also argues that Gastineau "offered no evidence whatsoever to show he was entitled to ownership or possession [of] either tract." The documents related to the transfer of the ten acres from Pettigrew to Mr. Pettigrew and from Mr. Pettigrew to Gastineau were included as exhibits to Gastineau's summary judgment motion. Those documents are sufficient to establish that Gastineau is legally in possession of the entire ten acres and that Pettigrew's actions violated the DTPA since the real estate contract was not in compliance with the Property Code. Pettigrew presents not even a scintilla of probative evidence that she retains ownership of the ten-acre tract or any portion of it or

that Gastineau breached the contract between them. Pettigrew did not specify for the trial court nor this court what documents out of the 400-plus pages she presented supports her counterclaims or negates the elements of Gastineau's claim. The trial court did not err, therefore, in granting Gastineau's no-evidence motion for summary judgment.

Pettigrew raises the issue of unjust enrichment for the first time in this appeal. Under Rule 33.1, a party must show that a complaint was made to the trial court by a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;" and trial court ruled or refused to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a). *See also Mack Trucks*, 206 S.W.3d at 577 ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties."). There is nothing in the record to indicate that Pettigrew presented the trial court with a claim of unjust enrichment. While Pettigrew represented herself throughout the majority of this case, *pro se* litigants are held to the same standard as licensed lawyers and must comply with applicable laws and rules of procedure. *See Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)); *see also Giraldo v. Southwestern Adventist Univ.*, No. 10-16-00145-CV, 2017 WL 1573143, at *1 (Tex. App.—Waco Apr. 26, 2017, pet. denied) (mem. op.).

Finally, Pettigrew's brief does not specifically identify how the trial court erred. An appellant's brief "must contain a clear and concise argument for the contentions

made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

"This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drillings USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at *1 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal."). Accordingly, we overrule Pettigrew's sole issue.

## *Conclusion*

Having overruled the one issue Pettigrew raises in this appeal, we affirm the trial court's judgment.

REX. D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed October 14, 2020
[CV06]

