# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00624-CV

**In re T. C.**

ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the trial court's failure to hold a de novo hearing within thirty days of an associate judge's ruling on temporary orders. *See* Tex. Fam. Code § 201.015(f) (generally requiring referring court to hold de novo hearing within thirty days of request). Relator also seeks sanctions pursuant to rule 52.11 of the Texas Rules of Appellate Procedure against opposing counsel for allegedly mischaracterizing or misciting the record and legal authorities. *See* Tex. R. App. P. 52.11 (authorizing appellate court within its discretion to impose just sanctions on party or attorney who is not acting in good faith). Having reviewed the petition, response, reply, and record provided, we deny the petition for writ of mandamus and request for sanctions.

The underlying suit seeks to modify an order concerning the parent-child relationship. On October 29, 2021, an associate judge held a hearing and announced his ruling of temporary orders on the record. On November 2, relator filed a request for a de novo hearing and requested a hearing date of November 29. The trial court, however, was not available for a

hearing on November 29 and provided alternative dates: December 6, 8, 13, 14, 15, 16, 17, 20, and 21 or the first week in January 2022. Relator was available for a hearing on December 20 but opposing counsel was not.

Mandamus relief generally is available when a referring court refuses to hold a de novo hearing on an associate judge's rulings. *See, e.g.*, *In re Talley*, No. 07-15-00198-CV, 2015 Tex. App. LEXIS 6268, at *4 (Tex. App.—Amarillo June 22, 2015, orig. proceeding) (mem. op.) ("A trial court's failure to hold a timely requested de novo hearing within thirty days is subject to mandamus because such failure constitutes a clear abuse of discretion and remedy by appeal is inadequate to protect this time designated right."). Here, however, the record reflects that although the trial court did not hold the de novo hearing within 30 days, the trial court did not deny or refuse to hold a de novo hearing—it offered multiple dates for the hearing within the next few weeks. *See In re L.R.*, 324 S.W.3d 885, 888–89 (Tex. App.—Austin 2010, orig. proceeding) (explaining that trial court is not statutorily prohibited from setting de novo hearing more than thirty days after date of request); *cf. In re R.A.O.*, 561 S.W.3d 704, 705 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (reversing and remanding because trial court denied request for de novo hearing); *In re Jones*, No. 05-07-00879-CV, 2007 Tex. App. LEXIS 6255, at *2 (Tex. App.—Dallas Aug. 8, 2007, orig. proceeding) (mem. op.) (granting mandamus relief when trial court had not held hearing and trial court's clerk returned request "with a notation that the trial court said the temporary order could not be appealed").

In this context, we deny the petition and request for sanctions.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Filed:   January 7, 2022