

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00105-CV

IN THE INTEREST OF H.P., A CHILD

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2021-544,580, Honorable Douglas H. Freitag, Presiding

July 6, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In this termination-of-parental-rights case, Mother appeals from the referring district court's order dismissing as moot her request for de novo review of the associate judge's report recommending termination of Mother's parental rights to her child, H.P.[1] Appellee is the Texas Department of Family and Protective Services. We hold the district court erred in denying Mother's request for de novo review and that the error was not harmless because it probably prevented her from properly presenting her case on appeal.

---

[1] To protect the privacy of the parties involved, we refer to the mother of the subject child as "Mother" and the child by the initials "H.P." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

We accordingly reverse and remand the case to the referring court for further proceedings.

**Analysis**

We begin with Mother's second issue, which argues the trial court erred by denying her request for de novo review of the associate judge's order. On January 23, 2023, the associate judge signed a report and issued a letter ruling terminating Mother's parental rights on findings under predicate grounds (D), (E), and (M) and that termination was in the best interest of H.P.[2] On January 24, 2023, Mother filed a document by which she requested a de novo hearing before the referring district court. Mother's request contained the following substance:

> The specific findings and conclusions of the Associate Judge to which objection is taken are the following:
>
> A. That there was clear and convincing evidence that [Mother] had prior terminations of parental rights as to multiple other children based on similar grounds and conduct;
>
> B. That there was clear and convincing evidence that [Mother] has engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children §161.001(b)(1)(E).
>
> C. That there was clear and convincing evidence that termination of the parental rights of [Mother] is in the best interest of the child.
>
> D. That appointment of the Texas Department of Family and Protective Services as the Sole Managing Conservator of the children is in the best interest of the children.
>
> E. Finding that the appointment of a parent as managing conservator is not in the best interest of the children because it would significantly impair the children's physical health or emotional development.

---

[2] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D),(E),(M),(2).

2

It is undisputed that Mother's request for a de novo hearing was timely filed.[3] Nevertheless, the referring court signed an order on March 6, 2023, denying Mother's request for a de novo hearing. In its entirety, the order provided:

> On today's date, the Court considered the Request for De Novo Trial filed by the Respondent Mother in this case along with the Texas Department of Family and Protective Services response to the same.
>
> After considering the above, the Court finds that Respondent Mother's request is moot in that Respondent Mother has failed to request that the referring Court reconsider the ground of termination under Tex. Fam. Code § 161.001(b)(1)(D). The Associate Judge having found that as a ground for termination and Respondent Mother having failed to request a hearing on the same, the Court finds that said termination would still exist even if the Court granted the relief requested in the request for De Novo Trial, and as such the request is deemed moot at this point.
>
> Based on the foregoing, the Court DENIES Respondent Mother's request.
>
> So ORDERED this the 6th day of March, 2023.

We hold that this order is in error. *See In re R.A.O.,* 561 S.W.3d 704, 710 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (finding trial court's denial of parent's timely request for de novo hearing under Chapter 201, subchapter B was error). The district court's analysis overlooks the fact that Mother challenged the associate judge's finding that termination of Mother's parental rights would be in the child's best interest. Section 161.001(b) of the Texas Family Code authorizes courts to order the involuntary termination of the parent-child relationship when two things are proven: (1) predicate grounds for terminating parental rights; and (2) finding that termination of the parent-child relationship is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(b)(1),(2)

---

[3] *In re H.P.*, No. 07-23-00018-CV, 2023 Tex. App. LEXIS 1031, at *1–2 (Tex. App.—Amarillo Feb. 16, 2023, no pet.) (per curiam) (mem. op.) (noting in dismissing Mother's premature appellate attempt that Mother filed a request for de novo hearing within three working days of the associate judge's order).

(requiring at least one predicate ground finding "and" a best interest finding for court to terminate parent-child relationship); *In re H.G.,* No. 07-22-00156-CV, 2022 Tex. App. LEXIS 6480, at *3 (Tex. App.—Amarillo Aug. 29, 2022, pet. denied) (mem. op.).

We further conclude the error was not harmless because it probably prevented Mother from properly presenting her case on appeal. TEX. R. APP. P. 44.1(a)(2). Because the district court refused to hear the challenge to the associate judge's rulings, this Court is unable to review the issues on appeal. *R.A.O.,* 561 S.W.3d at 710–11 ("A judgment rendered without granting a party the right to a de novo hearing on matters disposed of in the judgment is an improper judgment.").

In its brief on appeal, the Department concedes the referring district court reversibly erred by dismissing Mother's request for a de novo hearing. It argues for a limited remand, *see* TEX. R. APP. P. 44.1(b), confining the issues for de novo hearing to conservatorship and best interest. It elaborates because Mother did not challenge the associate judge's predicate ground (D) finding that finding is binding. And because only one predicate ground finding is required to support termination of the parent-child relationship, considering de novo the associate judge's predicate grounds (E) and (M) finding would be pointless. While we agree that only one predicate ground finding, when joined with a best interest finding, is sufficient for termination of the parent-child relationship, we also believe it is for the referring district court on remand to determine the legal and factual contours of the de novo hearing without direction from this Court.

4

We sustain Mother's second issue.  Because we are unable to determine Mother's first issue given the procedural posture of this case, we decline to address this issue further and remand the entire matter to the district court.

**Conclusion**

Having found the referring district court reversibly erred by dismissing Mother's request for a de novo hearing, we reverse and remand the case to that court for further proceedings.  *See* TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice
